T.C. Memo. 2003-274

UNITED STATES TAX COURT

ISAAC BARANOWICZ AND LORA D. BARAN,
f.k.a. LORAINE D. BARANOWICZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 15515-84, 25399-86, Filed September 22, 2003.
41668-86.

<u>Steven D. Blanc</u>, for petitioner Isaac Baranowicz.

Lora D. Baran, pro se.

<u>Gary S. Stirbis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  In these consolidated cases, the parties have stipulated deficiencies in petitioners' Federal income taxes for 1979, 1980, 1981, and 1982 as follows:

| Year | Deficiency |
|------|------------|
| 1979 | $ 7,662 |
| 1980 | 13,123 |
| 1981 | 22,834 |
| 1982 | 16,069 |

The parties have also stipulated that these deficiency amounts constitute substantial underpayments of tax attributable to tax-motivated transactions under section 6621(c),[1] and that there are no additions to tax due from petitioners for 1980, 1981, and 1982 under section 6653(a)(1) and (2).

The issue for decision is whether petitioner Lora D. Baran (Lora) is entitled to relief from joint and several liability from the above deficiencies and additional interest, which relate to investments in equipment leasing partnerships.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petitions were filed, petitioners resided in Los Angeles, California.

Lora did not graduate from high school. Lora earned an associate's degree in art, but she never completed a 4-year college degree. In 1966, petitioners married. Between 1969 and 1979, Lora was employed at various times as a clerical employee at banks and as a legal secretary. In 1979, with the arrival of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

petitioners' son, Lora ceased employment outside the home and became a housewife and mother. Between 1980 and 1984, Lora also attended college courses pertaining to interior decorating and design. Lora has no training in finance, tax, accounting, or business.

Early in petitioners' marriage, petitioner Isaac Baranowicz (Isaac) attended college and earned a bachelor's degree, master's degree, and a certified public accountant (C.P.A.) license. In 1968, Isaac began working for an accounting firm in which, by 1975, he had become a partner. In 1978, Isaac formed I.B. Management, Inc. (the firm), to establish his own accounting and financial planning firm. Isaac, as sole owner and a board member of the firm, made Lora the secretary of the firm, but Lora's only responsibility as secretary was to sign the minutes of the firm's board meetings.

During petitioners' marriage, Isaac handled all family financial matters. Because of Isaac's education and experience, Lora relied on and trusted Isaac to handle properly the family's finances. Isaac managed and handled the family's checkbooks, retirement accounts, and other investments. When a financial matter required Lora's signature, Isaac instructed Lora where to sign, and Lora did so without question.

Through one of Isaac's clients, Isaac was introduced to certain equipment leasing partnerships. Isaac invested in

several of these partnerships. Isaac generally withdrew funds from a joint bank account owned by Lora and himself to make the partnership investments, but the investments were made only in the name of Isaac. Upon referral by Isaac, some of Isaac's clients also invested in the equipment leasing partnerships. Isaac charged these clients fees for his advice relating to the investments.

Specifically regarding Isaac's investments in the equipment leasing partnerships, Lora relied on Isaac's accounting and tax expertise. Occasionally, Isaac provided Lora with general information about the equipment leasing partnership investments he made. Lora was not familiar with the tax opinions that were associated with the promotion of the equipment leasing partnership investments and did not understand the "at risk" rules of the Internal Revenue Code.

Petitioners timely filed their joint Federal income tax returns for 1979, 1980, 1981, and 1982. Isaac prepared these income tax returns and instructed Lora to sign the returns. In each of these tax returns, Isaac claimed deductions for interest expense and partnership losses relating to the equipment leasing partnerships. Lora signed the tax returns even though she did not understand the equipment leasing partnership transactions or how they were reported on the tax returns.

In February of 1985, petitioners separated, and on October 13, 1987, their divorce became final. In the divorce decree, several of the investments previously held only in Isaac's name were designated as owned by Isaac and Lora jointly, including the equipment leasing partnership investments giving rise to the stipulated deficiencies.

On audit of petitioners' joint Federal income tax returns for 1979, 1980, 1981, and 1982, respondent determined deficiencies in petitioners' Federal income taxes, based largely on the disallowance of claimed interest expense and partnership losses relating to two of the equipment leasing partnerships. Specifically, respondent determined that the partnership losses claimed with respect to the equipment leasing partnerships were not allowable because petitioners did not establish that the alleged partnership transactions constitute bona fide, arm's-length transactions, entered into at fair market value, that such transactions were entered into for profit, or that such transactions had any economic substance. Respondent also determined that the claimed interest expense deductions relating to the equipment leasing partnerships were not allowable because petitioners had not shown that the claimed expenses arose from a bona fide debtor-creditor relationship.

On July 12, 2000, Lora filed a Form 8857, Request for Innocent Spouse Relief, with regard to the above income tax

deficiencies for 1979 through 1982. On July 24, 2000, before respondent replied to Lora's request for relief, Lora filed an amended petition, specifically requesting relief under section 6015(b) and (c) from joint and several liability. On July 9, 2001, respondent determined Lora was entitled to relief from joint and several liability under section 6015(c) for each year in issue. Isaac disputes respondent's determination that Lora is entitled to relief from joint and several liability.

                              OPINION

Taxpayers filing joint Federal income tax returns are generally jointly and severally liable for all taxes due. Sec. 6013(d)(3). Relief from joint liability is available in limited circumstances under section 6015. Sec. 6015(b), (c), (f). Lora claims she is entitled to relief from joint and several liability under section 6015(b) and (c). Lora makes no claim for equitable relief under section 6015(f).

Generally, relief is available under section 6015(c) with respect to taxpayers who are divorced, legally separated, or living apart from the spouse with whom he or she filed a joint income tax return for the year in issue. Such relief is available only to taxpayers who establish that the items giving rise to the deficiency are allocable to the former spouse. Relief is not available where respondent establishes that a taxpayer had actual knowledge of the items allocable to the

former spouse.  Sec. 6015(c) and (d); <u>Culver v. Commissioner</u>, 116 T.C. 189, 194 (2001).  In the context of a disallowed deduction, "actual knowledge" under section 6015(c) requires proof that the spouse seeking relief had actual knowledge of the factual circumstances which made the item disallowable as a deduction. <u>Mora v. Commissioner</u>, 117 T.C. 279, 292 (2001); <u>King v. Commissioner</u>, 116 T.C. 198, 204 (2001).

Isaac argues that the investments in the equipment leasing partnerships were allocable to Lora and himself and that Lora had actual knowledge of those investments.  As a consequence, Isaac contends that Lora should not be entitled to relief under section 6015(c).  Lora argues that the investments in the equipment leasing partnerships were allocable to Isaac and that she lacked actual knowledge of the underlying circumstances resulting in the disallowance of the deductions relating to these investments. Lora contends, and respondent has determined, that she meets the requirements for relief from joint liability under section 6015(c).

We conclude that the equipment leasing partnership transactions are allocable to Isaac.  Isaac made these investments in his name only.  Isaac was a C.P.A.  Isaac actively sought out the investments, and he marketed the investments to his own clients.

On the evidence before us, we conclude Lora did not have actual knowledge of the underlying circumstances resulting in the disallowance of the deductions related to the equipment leasing partnership investments. Isaac sought out these equipment leasing partnership investments. Lora was a homemaker, mother, and part-time student of interior decorating. Lora was only generally familiar with the existence of the investments in the equipment leasing partnerships. Isaac invested in the equipment leasing partnerships in his own name, and Isaac, independently of Lora, used the information relating to those investments in preparation of the joint income tax returns. Lora relied on Isaac's professional experience as a C.P.A. in signing the joint income tax returns. Based on all the facts before us, we agree with Lora and respondent that Lora did not have actual knowledge of the underlying equipment leasing partnership transactions giving rise to the stipulated deficiencies, and, therefore, that Lora is entitled to relief from joint liability under section 6015(c) for the years in issue.

Herein, we need not address arguments regarding whether Lora is entitled to relief under section 6015(b). Other arguments made by petitioners that are not specifically addressed have been considered and rejected.

Based on the foregoing,

<u>Appropriate decisions</u>

<u>will be entered</u>.