129 T.C. No. 11

UNITED STATES TAX COURT

SUZANNE VANCE FAIN, a.k.a. SUZANNE FAIN-POISSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 214-07.                    Filed October 2, 2007.

        P sought review of respondent's denial of
innocent-spouse relief under section 6015, triggering
respondent's obligation to notify her husband of his
right to intervene.  Her husband died before receiving
the notice.  Respondent moved for a continuance to
allow notification of any heirs or personal
representatives of his estate.

        <u>Held</u>:  A nonrequesting spouse's right to intervene
survives death, and respondent is obliged to try
appropriate means to notify any heirs, executors, or
administrators.


        <u>Thomas E. Crowe</u>, for petitioner.

        <u>Derek W. Kaczmarek</u>, for respondent.

OPINION

HOLMES, Judge:  Suzanne Vance Fain filed this case when the Commissioner refused to grant her innocent-spouse relief from her unpaid tax liability for 1999.  Her case was already on a trial calendar when Commissioner's counsel realized that the IRS had not notified her husband of his right to intervene.  That turned out to be impossible--he was dead.

We are called to plug a small but noticeable gap in the tax law--is a nonrequesting spouse's right to intervene extinguished by death or does it instead pass to a successor-in-interest?

**Background**

According to the pleadings already filed in this case, the Fains filed a joint tax return for 1999.  It showed that they owed about $15,000, but neither Fain paid.  The couple later separated, and eventually the Commissioner began to try to collect the unpaid tax.

In February 2006, Suzanne filed a request for innocent-spouse relief under section 6015[1] with the Commissioner.  He denied it in September 2006, and Suzanne filed a petition seeking review with this Court.  Section 6015(e)(4) required us to issue rules that provide nonrequesting spouses "with adequate notice

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and an opportunity to become a party."  Our Court's Rule 325--which we promulgated to answer that section's call--requires the IRS to serve notice that a petition has been filed "on the other individual filing the joint return" no later than 60 days from the date that the petition itself was served.  The Commissioner overlooked this obligation here until the case was already on a trial calendar.  Then he learned that Robert Fain had died in 2002.

## Discussion

The first question we have to answer is whether Robert's right to intervene survives his death.  There's no clear answer in the Code or regulations, so we rely on analogy, some background principles of law, and a nod to reasonableness.  We start with the language of section 6015(e)(4), which gives a nonrequesting spouse the unconditional right to "become a party." We have already held that this means that he has a right to intervene within the meaning of rule 24(a)(1) of the Federal Rules of Civil Procedure.  Van Arsdalen v. Commissioner, 123 T.C. 135, 143 (2004).  And it is generally the case that a right to intervene passes to a decedent's estate.  See, e.g., Salt River Pima-Maricopa Indian Cmty. v. United States, 231 Ct. Cl. 1033 (1982).  An estate's right to intervene in some cases does not, of course, imply a general rule that all rights to intervene survive death.  But Franklin observed long ago that nothing in life

is certain but death and taxes. And the Internal Revenue Code makes sure that taxes survive even death. Sec. 6901(a)(1)(A)(i), (h). The survival of a decedent's tax liability means that as a practical matter his heirs or beneficiaries may be affected by the outcome of an innocent-spouse case. The opportunity to intervene is an opportunity to protect those interests, because granting innocent-spouse relief will make the estate of the nonrequesting spouse the only source of payment for any unpaid tax the deceased has left behind.

Turning to the Code again, we find that it also states, as a general rule, that any person acting for another person in a fiduciary capacity shall assume the powers, rights, duties, and privileges of that person with respect to taxes, sec. 6903, and that the word "fiduciary" includes executors and administrators, sec. 7701(a)(6).

We have already applied these sections to allow executors and administrators to seek innocent-spouse relief, e.g., Jonson v. Commissioner, 118 T.C. 106 (2002) (estate of deceased spouse able to request relief under section 6015), affd. 353 F.3d 1181, 1184 (10th Cir. 2003), and the Commissioner himself has ruled likewise, Rev. Rul. 2003-36, 2003-1 C.B. 849. Construing the Code to allow executors and administrators to intervene to oppose relief seems equally justified.

We finally note that allowing intervention is reasonable because it likely will increase the probability that we'll reach the right result in any particular case. This is why we've construed the right of a living spouse to intervene not just to oppose a petition, e.g., King v. Commissioner, 115 T.C. 118, 125 (2000), but also to support it, e.g., Van Arsdalen, 123 T.C. at 142.

We note that this is our construction of a statutory right, and should not be confused with the issue of whether someone who is jointly liable on a tax debt has constitutional standing to challenge the Commissioner's decision to let another taxpayer off the hook for that debt. The Ninth Circuit--the circuit to which this case would be appealed because Suzanne was a Nevada resident when she filed her petition--has held that a nonrequesting spouse lacks standing to challenge on appeal our decision to grant innocent-spouse relief precisely because the spouse's liability would remain the same whether or not relief was granted, Baranowicz v. Commissioner, 432 F.3d 972, 975 (9th Cir. 2005), affg. T.C. Memo. 2003-274, and we are not faced with that issue here.

The last question is what the Commissioner should do when neither he nor the requesting spouse has any idea whether there is an estate and whether it has a personal representative. While there may well be circumstances in which the Court's discretion

points in another direction, in this case we agree with the

Commissioner that it is appropriate to use an analogy to our

long-followed procedure in deficiency cases.  That procedure, as

described in <u>Nordstrom v. Commissioner</u>, 50 T.C. 30, 32 (1968), is

to file an order requiring both parties

> to furnish the Tax Court, insofar as
> ascertainable and to the best of their
> abilities, the names and addresses of the
> heirs at law of the decedent, under the law
> of the jurisdiction wherein the decedent was
> a resident when his death occurred

and for the Court to then notify the heirs.  <u>Id.</u>

   We think this is the most reasonable procedure in the

absence of a statute or regulation providing differently.  To

enable the parties to search for heirs, this case will be

continued,

<u>And an appropriate order will</u>

<u>be issued</u>.