Jose CISNEROS et al.,
Plaintiffs-Appellees,

v.

CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT et al.,
Defendants-Appellees,

Melvin Polk et al., Movants-Appellants.

Jose CISNEROS et al.,
Plaintiffs-Appellees,

v.

CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT et al.,
Defendants-Appellees,

Bill M. and Cynthia Barnett,
Movants-Appellants.

Nos. 76–3586 and 77–1745.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1977.

Travis Smith, Allen L. Potter, Corpus Christi, Tex., for movants-appellants.

James P. Wolf, Chris Dixie, Houston, Tex., for Cisneros, et al.

Richard Hall, J. W. Gary, Corpus Christi, Tex., for Corpus Christi Ind. School Dist., et al.

Stephen P. Clark, Richard F. Johnston, Joseph D. Rich, Thomas M. Keeling, Attys., U. S. Dept. of Justice, Civil Rights Div., Ed. Sect., Washington, D. C., for U. S.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Objecting to the constitutionality of the remedies ordered by the district court in its attempt to desegregate the Corpus Christi schools, various parents and minor children sought leave to intervene. The district court denied their motions and at the request of the parties we consolidated the appeals from those orders. Concluding that the appellants have no statutory right of intervention, and that the district court did not abuse its discretion, we affirm.

Intervention is governed by Fed.R.Civ.P. 24. It provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action . . unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

■ Citing subsection (1) of Rule 24(a), appellants first argue that they have an unconditional statutory right to intervene under 20 U.S.C.A. §§ 1654, 1717. Both of those statutes provide that parents of school children "may seek to reopen or intervene in the further implementation" of a court ordered desegregation plan involving pupil transportation. These provisions have not yet been judicially interpreted. We conclude that since both statutes use the permissive word "may" instead of the unconditional "shall" and talk in terms of "seeking" intervention, they create merely a conditional right to intervene. *Compare O'Keefe v. New York City Board of Elections*, 246 F.Supp. 978 (S.D.N.Y.1965), holding that 28 U.S.C.A. § 2403 which states that a court "shall" permit the United States to intervene creates an absolute right of intervention. Thus appellants have no right to intervene under Rule 24(a)(1).

■ As to the claimed right to intervene under subsection (2) of Rule 24(a), the district court found the exception to that rule applicable. It determined that "the Defendant School District and the school officials named in this action have offered the most vigorous legal and factual argumentation in support of the very interests and issues that the Movants now claim have gone begging in the past." An examination of the proceedings which have taken place to date in this litigation convinces us of the validity of the district court's conclusion on this point. Since the appellants' interests are thus "adequately represented by existing parties," they have no right to intervene under Rule 24(a)(2). *See also Hines v. Rapides Parish School Board*, 479 F.2d 762 (5th Cir. 1973).

■ To the extent that appellants' application should be considered a request for permissive intervention, this Court may not disturb the denial of such a motion, unless there has been an abuse of discretion. *Brotherhood of R. R. Trainmen v. Baltimore & Ohio R. R.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 841 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). The district court based its decision on the grounds that the intervenors sought to relitigate issues and facts which had previously been decided. We note also that many of appellants' contentions have already been decided by this Court. *See Cisneros v. Corpus Christi Inde-*

*pendent School District,* 467 F.2d 142 (5th Cir. 1972) (en banc). With the case in this posture, it is impossible to characterize the denial of appellants' motion as an abuse of discretion.

There being no reversible error in the district court's denial of the motion for leave to intervene, its judgment is

AFFIRMED.