UNITED STATES of America, Plaintiff-Appellee,

v.

The STATE OF MISSISSIPPI, et al., Defendants.

The STATE OF MISSISSIPPI and the Newton County School District, Defendants-Appellees,

v.

The HICKORY IMPROVEMENT ASSOCIATION, etc., et al., Appellants.

No. 91-1449.

United States Court of Appeals,

Fifth Circuit.

April 15, 1992.

Appeal from the United States District Court for the Southern District of Mississippi.

Before THORNBERRY, KING, and DEMOSS, Circuit Judges.

THORNBERRY, Circuit Judge:

The Hickory Improvement Association (the "Association") appeals the district court's denial of its motion to intervene in this school desegregation case. The Association is a racially-integrated group of parents and guardians of children affected by the Newton County, Mississippi School Board's plan to reorganize the Newton County schools. The reorganization plan was presented to the federal district court for approval because the court retained jurisdiction over Mississippi's schools after entering an order desegregating the schools in 1970. The Association sought to intervene in the district court suit in order to oppose the school board's reorganization plan. The district court denied the Association's motion to intervene, and the Association appeals.

Background

In the fall of 1989, the Newton County School Board began considering a plan to reorganize the district's schools to alleviate financial pressures on the district. The plan was discussed and debated at school board and PTA meetings that fall. Among other things, the plan sought to consolidate the district's three elementary schools at one school in Decatur, Mississippi, which is located near the geographic center of Newton County. Although the School Board was primarily interested in the increased efficiency of consolidation, the reorganization would also produce a unitary system completing the desegregation of the Newton County schools. Members of the Association opposed consolidation because they lived in outlying Hickory, Mississippi, and the reorganization plan would increase the length of time their children would spend on buses to and from school. Despite these objections, the School Board approved the reorganization plan at a school board meeting held on January 22, 1990.

The school district, however, was subject to a federal court order entered in 1970 desegregating the Mississippi schools. Prior to implementing the reorganization, the School Board moved to modify the 1970 order to allow the reorganization. On July 5, 1990, the district court granted the School Board's motion to modify the 1970 order according to a schedule submitted by the School Board along with its motion. According to that schedule, the reorganization would be phased in between the 1991 and 1995 school years, with the Hickory elementary school to be closed in

1993. On December 14, 1990, the School Board elected to accelerate the reorganization and began seeking bids for the construction of the new elementary school in Decatur. According to the accelerated schedule, the Hickory elementary school would be closed in 1991. In February 1991, the School Board sought modification of the district court's July 5, 1990 order to allow acceleration of the timetable for the reorganization.

Prior to the district court's receipt of the motion to accelerate the schedule for reorganization, the Association moved to intervene in the district court action in order to challenge the court's July 5, 1990 order approving the reorganization plan and to oppose the acceleration of the reorganization. The district court held a hearing on the motion to intervene on February 27, 1991, and entered an order denying intervention on April 2, 1991. The Association appeals.

## Discussion

The Association asserted three alternative bases for intervention under Rule 24 of the Federal Rules of Civil Procedure: first, that 20 U.S.C. § 1717 provides an unconditional right of intervention under Fed.R.Civ.P. 24(a)(1); second, that Fed.R.Civ.P. 24(a)(2) provides a right to intervention because the Association's interest in the litigation is inadequately represented by existing parties; and third, that the district court erred by denying the Association permissive intervention under Fed.R.Civ.P. 24(b). We will address each claim in turn.

A. *Statutory Right of Intervention under Fed.R.Civ.P. 24(a)(1)*

Rule 24(a)(1) of the Federal Rules of Civil Procedure provides for mandatory intervention "when a statute of the United States confers an unconditional right to intervene." Fed.R.Civ.P. 24(a)(1). In *Cisneros v. Corpus Christi Independent School District,* we held that 20 U.S.C. § 1717 creates merely a conditional right of intervention, and therefore does not provide proposed intervenors with an absolute right to intervene under Fed.R.Civ.P. 24(a)(1). *Cisneros v. Corpus Christi Independent School District,* 560 F.2d 190, 191 (5th Cir.1977), *cert. denied,* 434 U.S. 1075, 98 S.Ct. 1265, 55 L.Ed.2d 781 (1978). The Association urges us to abandon *Cisneros* and grant the Association mandatory intervention pursuant to an unconditional statutory right under 20 U.S.C. § 1717. We decline the invitation to do so.

The court in *Cisneros* based its holding upon the statutory language of 20 U.S.C. § 1717. Section 1717 provides that:

> A parent or guardian of a child ... transported to a public school in accordance with a court order ... *may seek to reopen or intervene* in the further implementation of such court order, currently in effect, if the time or distance of travel is so great as to risk the health of the student or significantly impinge on his or her educational process.

20 U.S.C. § 1717 (1990) (emphasis added). We agree with the prior panel that the legislature's use of the permissive language "may seek to intervene" creates a conditional right of intervention, taking the statute out of the purview of Fed.R.Civ.P. 24(a)(1). We are unpersuaded by the Association's proposed analogy to *U.S. v. Metropolitan St. Louis Sewer District* because the statute at issue

there, 33 U.S.C. § 1365(b)(1)(B), differs significantly from 20 U.S.C. § 1717. *See U.S. v. Metropolitan St. Louis Sewer District,* 883 F.2d 54 (8th Cir.1989). 33 U.S.C. § 1365(b)(1)(B) provides that "any citizen may intervene *as a matter of right.* " 33 U.S.C. § 1365(b)(1)(B) (1988) (emphasis added). This statutory language clearly evinces the legislature's intent to provide for a mandatory right of intervention. The contrast between the language of 33 U.S.C. § 1365(b)(1)(B) and the language of 20 U.S.C. § 1717 convinces us that *Cisneros* interpreted 20 U.S.C. § 1717 correctly. We therefore affirm the district court's denial of intervention on this ground.

B. *Mandatory Intervention under Fed.R.Civ.P. 24(a)(2)*

Our reaffirmance of *Cisneros* guides our analysis of the Association's claim of a mandatory right of intervention under Fed.R.Civ.P. 24(a)(2). Rule 24(a)(2) grants a mandatory right of intervention "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). To intervene under Rule 24(a)(2), the Association must assert a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir.), *cert. denied sub nom., Trefina v. U.S.,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). As set forth above, 20 U.S.C.

§ 1717 creates merely a permissive right of intervention, provided for under Rule 24(b). Conversely, the interest recognized in § 1717 is not legally protectable by mandatory intervention.

We recognized this principle in our 1978 decision in *U.S. v. Perry County Board of Education,* 567 F.2d 277 (5th Cir.1978). Although the proposed intervenors in *Perry County* did not base their right of intervention on 20 U.S.C. § 1717,[1] the nature of the interest claimed was the same as the interest asserted here. The proposed intervenors in *Perry County* opposed the construction of a centralized consolidated high school at the school board's chosen site, based on the intervenors' concern for the safety and welfare of school children and the impact of the travel distance required to attend school at the new location. *See Perry County,* 567 F.2d at 279 & n. 3. The panel found that, because the intervenors' opposition to the school board's decision was based on policy reasons unrelated to desegregation, the interest asserted was insufficient to trigger a mandatory right of intervention in a school desegregation case under Rule 24(a)(2). We agree with the *Perry County* panel that "[t]hese matters of policy are to be determined by the Board of Education, not by the federal courts." *Id.* at 280.

This reasoning relates as well to the requirement of inadequate representation under Rule 24(a)(2). The Association has

---

[1]The statute was, however, available to them at that time. 20 U.S.C. § 1717 was enacted in 1974, and the *Perry County* decision was reached in 1978.

not shown that the School Board's interests are adverse to the Association's interests or that the School Board has acted in bad faith. *See U.S. v. Board of School Commissioners of the City of Indianapolis, Indiana,* 466 F.2d 573 (7th Cir.1972), *cert. denied sub nom., Citizens of Indianapolis for Quality Schools, Inc. v. U.S.,* 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973). The School Board as a whole considered the Association's arguments in opposition to consolidation at school board and PTA meetings, but were pressured by financial hardship to consolidate in spite of those concerns. *Cf. Hines v. Rapides Parish School Board,* 479 F.2d 762, 765 (5th Cir.1973). The School Board's representative stated at the hearing on the motion to intervene that the Board had attempted to finance the maintenance of community elementary schools:

> [W]e've had some five bond issues in Newton County, Mississippi to attempt to do that very thing but none of them have passed and we're simply unable on the funds that we have in a small county with some 19,000 people to fund four or five schools.... In a county that small we simply could not survive without consolidation on an economic basis. So the only logical thing for us to do which we are attempting to do is to provide a unitary desegregated school on an economic basis to provide these children of this county with a better education.

Hearing on Motion for Temporary Restraining Order at 17. As we stated in *Perry County,* "[a]ppellants are not entitled to intervention of right simply because they would have voted differently had they been members of these representative bodies." *Perry County,* 567 F.2d at 280. Because the Association has not rebutted the School Board's showing of adequate representation, the district court properly denied intervention under Fed.R.Civ.P.

24(a)(2).

C. *Permissive Intervention under Fed.R.Civ.P. 24(b)*

The Association sought permissive intervention in the district court pursuant to Fed.R.Civ.P. 24(b), which provides:

> Upon timely application anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). We review the district court's denial of the Association's motion for permissive intervention under an abuse of discretion standard. *Cisneros v. Corpus Christi Independent School District,* 560 F.2d 190, 191 (5th Cir.1977).

As we previously held in *Cisneros,* and reaffirmed in the foregoing section, 20 U.S.C. § 1717 confers a conditional right of intervention. The statute sets forth the condition: The Association must show that "the time or distance of travel is so great as to risk the health of the student or significantly impinge on his or her educational process." 20 U.S.C. § 1717 (1990). At the district court's hearing on the motion to intervene, the Association presented testimony regarding the health effects of the increased travel. The School Board countered with testimony from the Superintendent and the Transportation Director for the Newton County School District. These witnesses testified that for any child, the most that the travel distance would increase would be 10.6 miles, which is the distance from the Hickory elementary

school to the site of the new elementary school in Decatur. The district court found that "[t]he Association's testimony failed to show that such a short distance of travel would so seriously affect the welfare, safety, health and educational achievement of the students in question." Record at 376. After reviewing the record, we cannot say that the district court abused its discretion in denying permissive intervention based on this finding.

Our holding is further bolstered by the timeliness requirement of Fed.R.Civ.P. 24(b). Although the Association argues that it seeks intervention to challenge the acceleration of the consolidation, it is in actuality contesting the advisability of the consolidation itself, which was approved by a court order entered on July 5, 1990. Because the Association did not seek intervention until February of 1991, its application for intervention was properly denied as untimely. To the extent that the Association seeks to challenge the acceleration, we agree with the district court that the Association failed to establish that the acceleration presented a risk to the health or educational development of the children of Hickory, who would be bused to Decatur in any event under the district court's July 5, 1990 order. We affirm the district court's denial of intervention under Fed.R.Civ.P. 24(b).

In its brief and at oral argument, the Association sought to contest the validity of the district court's July 5, 1990 order. Because the Association was properly denied party status in this

action, it may not appeal the merits of the case. *See Commonwealth of Pennsylvania v. Rizzo,* 530 F.2d 501, 507–08 (3d Cir.), *cert. denied sub nom., Fire Officers Union v. Pennsylvania,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976).

For the foregoing reasons, we AFFIRM the district court's denial of intervention under Rules 24(a) and (b) of the Federal Rules of Civil Procedure.