123 T.C. No. 7

UNITED STATES TAX COURT

DIANA VAN ARSDALEN, f.k.a. DIANA MURRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1195-04.                    Filed July 22, 2004.

P filed with the Court a petition for
determination of relief from joint and several
liability on a joint return.  R issued to P's former
spouse (M) a notice of filing petition and right to
intervene (the notice).  See Rule 325, Tax Court Rules
of Practice and Procedure.  P filed with the Court a
motion to strike the notice insofar as the notice
stated that M would be permitted to intervene solely to
challenge P's entitlement to relief under sec. 6015,
I.R.C.  M lodged with the Court a notice of
intervention which stated that M intended to support
P's claim for relief under sec. 6015(f), I.R.C.  R
opposed P's motion to strike.

<u>Held</u>:  Neither sec. 6015, I.R.C., nor Rule 325,
Tax Court Rules of Practice and Procedure, precludes a
nonelecting spouse from intervening in a proceeding
before the Court for the purpose of supporting the
electing spouse's claim for relief.

Held, further:  P's motion to strike will be granted in that the restrictive language in R's notice is deemed stricken, and M's notice of intervention will be filed.

Jack Barry Schiffman, for petitioner.

Emly B. Berndt, for respondent.

## OPINION

DAWSON, Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on petitioner's motion to strike.  As explained in detail below, we shall grant petitioner's motion.

### Background

Petitioner filed joint Federal income tax returns with her then husband, Stanley David Murray (Mr. Murray), for the taxable years 1992 to 1996.

---

[1]Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

On January 18, 2002, respondent issued to petitioner a notice of determination denying her claim for relief from joint and several liability for the taxable years 1992 to 1995. The notice stated that petitioner was denied relief under section 6015(f). On October 23, 2003, respondent issued to petitioner a notice of determination denying her claim for relief from joint and several liability for the taxable years 1992 to 1996. The notice stated that petitioner was denied relief under section 6015(b), (c), and (f). On January 21, 2004, petitioner filed with the Court a petition for determination of relief from joint and several liability on a joint return challenging respondent's notice of determination dated October 23, 2003.[2]

On March 8, 2004, respondent filed with the Court a notice of filing petition and right to intervene (the notice). The notice stated that respondent had informed Mr. Murray of the filing of the petition and of his right to intervene in the case. The notice stated in pertinent part: "Under T.C. Rule 325(b), Stanley D. Murray has a right to intervene in this matter for the sole purpose of challenging petitioner's entitlement to relief from joint and several liability."

On March 15, 2004, petitioner filed a Motion to strike the notice on the ground that respondent "misinterprets and/or misconstrues Tax Court Rule 325(b)" insofar as the notice stated

_____

[2]At the time the petition was filed, petitioner resided in Scottsdale, Arizona.

that Mr. Murray would be permitted to intervene in the case for the sole purpose of challenging petitioner's entitlement to relief from joint and several liability.[3]

On April 1, 2004, Mr. Murray lodged with the Court a notice of intervention. In the notice of intervention, Mr. Murray stated that he "seeks to intervene for the sole purpose of offering evidence in support of the Petitioner's right and entitlement to equitable relief under IRC section 6015(f) and will not be offering any evidence to challenge Petitioner's right to equitable relief under IRC section 6015(f)."

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in opposition to petitioner's Motion to strike. Although no appearance was entered by or on behalf of petitioner at the hearing, petitioner filed with the Court a written statement pursuant to Rule 50(c).

## Discussion

Section 6013(d)(3) provides that if a husband and wife file a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." However, section 6015(a) provides

---

[3]On Mar. 16, 2004, the Court denied petitioner's motion to strike. On Mar. 18, 2004, petitioner filed a motion to vacate the Court's Order denying her motion to strike. By Order dated Mar. 31, 2004, we granted petitioner's motion to vacate, vacated and set aside our order denying petitioner's motion to strike, and set petitioner's motion to strike for hearing.

that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability arising from that return.  See <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Congress vested the Tax Court with jurisdiction to review the Commissioner's denial of a taxpayer's election to claim relief from joint and several liability on a joint return under specified circumstances.  See <u>King v. Commissioner</u>, 115 T.C. 118, 121-122 (2000); <u>Corson v. Commissioner</u>, 114 T.C. 354, 363-364 (2000).  A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under section 6213(a).  See <u>Butler v. Commissioner</u>, 114 T.C. 276, 287-289 (2000).  In addition, a taxpayer may file a so-called stand-alone petition seeking relief from joint and several liability on a joint return where the Commissioner has issued a final determination denying the taxpayer's claim for such relief or the Commissioner has failed to rule on the taxpayer's claim within 6 months of its filing.  See sec. 6015(e)(1); <u>Mora v. Commissioner</u>, 117 T.C. 279 (2001); <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 329 (2000). Finally, a taxpayer may request relief from joint and several liability on a joint return in a petition for review of a lien or

levy action.  See secs. 6320(c), 6330(c)(2)(A)(i).  The petition in this case was filed as a stand-alone petition.

Section 6015(e)(4) provides that the nonelecting or "other spouse" is entitled to notice of a stand-alone proceeding involving a claim for relief under section 6015.  The section provides in pertinent part that the "Tax Court shall establish rules which provide the individual filing a joint return but not making the election * * * with adequate notice and an opportunity to become a party to a proceeding".

Before adopting formal Rules as directed in section 6015(e)(4), we addressed the scope of a nonelecting spouse's right to intervene in a section 6015 case in both Corson v. Commissioner, supra, and King v. Commissioner, supra.  We will briefly summarize those Opinions before proceeding with our analysis.

In Corson the taxpayers filed with the Court a joint petition for redetermination challenging a joint notice of deficiency for the taxable year 1981.  After obtaining separate counsel, the electing spouse filed an amendment to the petition asserting her entitlement to relief from joint and several liability under former section 6013(e).  After both taxpayers entered into separate stipulations with the Commissioner conceding a specific tax deficiency and the application of increased interest under section 6621(c), the Commissioner entered into a further stipulation with the electing spouse

granting her relief from joint and several liability under section 6015(c). Upon learning of the second stipulation, the nonelecting spouse declined to execute a stipulated decision for submission to the Court, prompting the Commissioner to file a motion for entry of decision. In denying the Commissioner's motion, the Court stated:

> Section 6015(e)(1) is structured so that administrative consideration (or failure to rule) will precede any court action when innocent spouse status is raised in a stand-alone petition. Section 6015(g)(2), in turn, contemplates an opportunity for the nonelecting spouse to participate at the administrative level. Section 6015(e)(4) then speaks of a similar chance for participation should the matter move from an administrative to a judicial forum. Hence, as a general premise, we believe that these subsections, when read together, reveal a concern on the part of the lawmakers with fairness to the nonelecting spouse and with providing him or her an opportunity to be heard on innocent spouse issues. Presumably, the purpose of affording to the nonelecting spouse an opportunity to be heard first in administrative proceedings and then in judicial proceedings is to ensure that innocent spouse relief is granted on the merits after taking into account all relevant evidence. After all, easing the standards for obtaining relief is not equivalent to giving relief where unwarranted. [Corson v. Commissioner, supra at 365.]

Although we did not attempt to determine "the precise contours of the rights granted to a nonelecting spouse under section 6015(e)," our denial of the Commissioner's motion for entry of decision had the effect of allowing the nonelecting spouse his day in Court. Id.

In King v. Commissioner, supra, the Court described the circumstances under which a nonelecting spouse would be permitted to intervene in respect of an electing spouse's claim for relief

under section 6015.  In <u>King</u>, the Commissioner issued separate notices of deficiency to the taxpayers, but only the electing spouse filed a petition for redetermination with the Court.  The sole issue raised in the electing spouse's petition was her claim for relief from joint and several liability under former section 6013(e).  While the case was pending, Congress repealed former section 6013(e) and enacted section 6015.  Thereafter, the Commissioner filed with the Court a report stating that the Commissioner concluded that the electing spouse qualified for relief under section 6015(b).  The report further stated that the nonelecting spouse objected to relief and that the Commissioner believed that the nonelecting spouse should be notified of the action and be given an opportunity to participate in the proceeding.  After the Court directed service of a copy of the petition and a copy of the Court's then-interim Rule 325 on the nonelecting spouse, the nonelecting spouse filed with the Court a motion for leave to file notice of intervention (embodying notice of intervention).  The Court subsequently granted the nonelecting spouse's motion, stating:

> We hold that whenever, in the course of <u>any</u> proceeding before the Court, a taxpayer raises a claim for relief from joint liability under section 6015, and the other spouse (or former spouse) is not a party to the case, the Commissioner must serve notice of the claim on the other individual who filed the joint return for the year(s) in issue.  The notice shall advise such other individual of his or her opportunity to file a notice of intervention for the sole purpose of challenging the petitioning individual's entitlement to relief from joint liability pursuant to section 6015.  Such notice shall include a copy of Interim Rule 325.  The Commissioner shall at the same time file with

the Court a certification of such notice or, in a
stand-alone case brought under sec. 6015(e)(1)(A),
state in the answer that such notice has been provided.
See Interim Rule 324(a)(2).  Any intervention shall be
made in accordance with the provisions of Interim Rule
325(b). [King v. Commissioner, 115 T.C. at 125.]

After the filing of the Corson and King Opinions, the Court

adopted new Rule 325,[4] which states:

RULE 325.  NOTICE AND INTERVENTION

(a) Notice: On or before 60 days from the date of
the service of the petition, the Commissioner shall
serve notice of the filing of the petition on the other
individual filing the joint return and shall
simultaneously file with the Court a copy of the notice
with an attached certificate of service.  The notice
shall advise the other individual of the right to
intervene by filing a notice of intervention with the
Court not later than 60 days after the date of service
on the other individual.
(b) Intervention: If the other individual filing
the joint return desires to intervene, then such
individual shall file a notice of intervention with the
Court not later than 60 days after service of the
notice by the Commissioner of the filing of the
petition, unless the Court directs otherwise.  All new
matters of claim or defense in a notice of intervention
shall be deemed denied. [Fn. ref. omitted.]

In sum, new Rule 325 provides that the Commissioner shall provide

the nonelecting spouse with notice of the filing of a petition

claiming relief under section 6015 and inform the nonelecting

---

[4]On June 30, 2003, the Court adopted amendments to its Rules
of Practice and Procedure, including new Rule 325.  However, like
sec. 6015, new Rule 325 is effective with respect to actions for
determination of relief from joint and several liability on a
joint return commenced with respect to any liability for tax
arising after July 22, 1998, and any liability for tax arising on
or before such date but remaining unpaid as of such date.  See
120 T.C. 479, 714 n.1.

spouse of his or her right to intervene in the case.[5]  Notably, new Rule 325 does not by its terms impose any substantive restriction on the nonelecting spouse's right to intervene in support of a claim for relief by an electing spouse.[6]

As previously discussed, petitioner contends that the notice that respondent issued to Mr. Murray should be stricken because it is inconsistent with Rule 325.  Respondent counters that the restrictive language in the disputed notice conforms with: (1) The Court's express statement in King v. Commissioner, supra at 124-125, that intervention should be for the sole purpose of challenging the electing spouse's entitlement to relief; (2) the Court's general approach to intervention as articulated in Estate of Proctor v. Commissioner, T.C. Memo. 1994-208; and (3) the approach under rule 24 of the Federal Rules of Civil Procedure.

---

[5]It is worth noting that sec. 6015(h)(2) (formerly sec. 6015(g)) directs the Secretary to prescribe regulations providing a nonelecting spouse with "notice of, and an opportunity to participate in, any administrative proceeding with respect to an election made under subsection (b) or (c) by the other individual filing the joint return."  Pursuant to this directive, the Secretary issued sec. 1.6015-6(a)(1), Income Tax Regs., which states in pertinent part that, upon receipt of a claim for relief under sec. 6015, the Internal Revenue Service must notify the nonelecting spouse and "provide the nonrequesting spouse with an opportunity to submit any information that should be considered in determining whether the requesting spouse should be granted relief from joint and several liability."

[6]The Note to new Rule 325 likewise does not restrict a nonelecting spouse's right to intervene by stating that such intervention is permitted solely for the purpose of challenging the electing spouse's entitlement to relief.  See 120 T.C. 714-715.

There is no direct support in the plain language of section 6015 or its legislative history for the proposition that a nonelecting spouse's ability to intervene in a section 6015 case is limited to challenging the electing spouse's entitlement to relief.  Moreover, new Rule 325 and the Notes thereto are neutral on the point.[7]

As we stated in Corson v. Commissioner, 114 T.C. 354 (2000), and King v. Commissioner, 115 T.C. 118 (2000), a nonelecting spouse may intervene in a proceeding before the Court for the purpose of opposing the electing spouse's claim for relief.  It is clear that in both Corson and King the nonelecting spouse opposed the claim for relief.  Accordingly, any language suggesting that a right of intervention is limited to challenging a claim for relief must be read in the context of the facts of those cases.  In any event,  it is a certainty that Congress did not intend for relief to be granted under section 6015 where otherwise unwarranted.  Corson v. Commissioner, supra at 365.  On the other hand, considering that section 6015 was enacted to provide taxpayer relief, it is equally certain that Congress did not intend for relief to be denied where otherwise warranted.  In this regard, we believe that justice requires that the

---

[7]The Notes of new Rule 325 include a citation of King v. Commissioner, 115 T.C. 118 (2000), for the limited proposition that the Commissioner is expected to serve a notice of filing petition and right to intervene in a stand-alone, deficiency, or other proceeding in which a claim for sec. 6015 relief has been raised as an affirmative defense.  See 120 T.C. 715.

nonelecting spouse be permitted to intervene in administrative and judicial proceedings under section 6015 for the purpose of submitting any information, be it favorable or antithetical, that is relevant to the determination whether the electing spouse is entitled to relief from joint and several liability.

Contrary to respondent's position, we conclude that permitting a nonelecting spouse to intervene for the purpose of supporting an electing spouse's claim for relief under section 6015 is consistent with both our prior practice and principles governing intervention under the Federal Rules of Civil Procedure.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

Rule 24.   Intervention
    (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, rule 24(a) of the Federal Rules of Civil Procedure permits intervention as a matter of right if there is an unconditional statutory right to intervene or if the applicant has a cognizable interest in the property or transaction in dispute and his or her interest is not adequately represented by the existing parties to

the action.  See, e.g., <u>United States v. Mississippi</u>, 958 F.2d 112 (5th Cir. 1992).

The answer to respondent's argument is that section 6015(e)(4) confers on a nonelecting spouse an unconditional statutory right to intervene within the meaning of rule 24(a)(1) of the Federal Rules of Civil Procedure.  Section 6015(e)(4) directs the Court to "establish rules which provide the individual filing a joint return but not making the election * * * with adequate notice and an opportunity to become a party to a proceeding".  The statutory language does not authorize the Court to impose any significant substantive conditions in respect of the nonelecting spouse's right to intervene.  Consequently, the Court prescribed the procedures for intervention within new Rule 325 and did so without imposing any substantive conditions on the nonelecting spouse/intervenor.

Our holding that section 6015(e)(4) confers an unconditional statutory right to intervene within the meaning of rule 24(a)(1) of the Federal Rules of Civil Procedure is consistent with the holdings of courts reviewing  analogous statutes.  See <u>Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.</u>, 331 U.S. 519 (1947) (holding that 49 U.S.C. sec. 17(11) authorized the representative of railroad employees to intervene as a matter of right in a suit involving an order of the Interstate Commerce Commission);[8]

_____

[8]49 U.S.C. sec. 17(11) provided in pertinent part:

(continued...)

O'Keefe v. N.Y. City Bd. of Elections, 246 F. Supp. 978 (S.D.N.Y.

1965) (holding that 28 U.S.C. sec. 2403(a) authorized the United

States to intervene as a matter of right in an action challenging

the constitutionality of the Voting Rights Act of 1965).[9]  But

see United States v. Mississippi, supra (holding that 20 U.S.C.

sec. 1717 did not provide an association with the unconditional

right to intervene in a school desegregation case);[10] 7C Wright &

Miller, Federal Practice & Procedure, sec. 1906, at 245 (2d ed.

1986) (suggesting that section 7424 does not provide the United

States with an unconditional right to intervene in cases

---

[8](...continued)
"Representatives of employees of a carrier, duly designated as
such, may intervene and be heard in any proceeding arising under
this Act affecting such employees."

[9]28 U.S.C. sec. 2403(a) provided in pertinent part:

> In any action, suit or proceeding in a court of the
> United States to which the United States or any agency,
> officer or employee thereof is not a party, wherein the
> constitutionality of any Act of Congress affecting the
> public interest is drawn in question, the court shall
> certify such fact to the Attorney General, and shall
> permit the United States to intervene for presentation
> of evidence * * * and for argument on the question of
> constitutionality.

[10]20 U.S.C. sec. 1717 provided in pertinent part:

> A parent or guardian of a child * * * transported
> to a public school in accordance with a court order * *
> * may seek to reopen or intervene in the further
> implementation of such court order, currently in
> effect, if the time or distance of travel is so great
> as to risk the health of the student or significantly
> impinge on his or her educational process.

involving a tax lien inasmuch as the provision recognizes that the application to intervene may be denied).[11]

Consistent with the preceding discussion, we hold that the portion of respondent's notice which states that Mr. Murray may intervene in this case only for the purpose of opposing petitioner's claim for relief is incorrect. Accordingly, we shall grant petitioner's motion to strike in that the restrictive language in respondent's notice, filed March 8, 2004, shall be deemed stricken. Further, the Court will direct that Mr. Murray's notice of intervention be filed.

To reflect the foregoing,

<u>An order will be issued granting petitioner's motion to strike and directing that the notice of intervention, lodged April 1, 2004, be filed</u>.

---

[11]Sec. 7424 provides in pertinent part:

If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit. * * * In any case in which the application of the United States to intervene is denied, the adjudication in such civil action or suit shall have no effect upon such lien.