T.C. Summary Opinion 2010-101


UNITED STATES TAX COURT


JOAN M. SIMCOX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19349-09S.              Filed July 27, 2010.


Arthur K. Bartlett, for petitioner.

Olivia J. Hyatt, for respondent.


KROUPA, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and

---

[1]All section references are the Internal Revenue Code unless otherwise indicated.

this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the grounds that petitioner did not timely file a petition within 90 days of respondent's determination denying petitioner relief from joint and several liability under section 6015(f) (determination notice). Petitioner argues that respondent's determination was invalidated by our Opinion in Lantz v. Commissioner, 132 T.C. 131 (2009), revd. 607 F.3d 479 (7th Cir. 2010). She argues that the relevant period for filing a petition was therefore the 6-month period that applies if no determination is made. We hold that the determination was valid, and we shall accordingly grant respondent's motion because the petition was not filed within 90 days of the determination notice.

## Background

The following information is stated for purposes of resolving the pending motion. Petitioner resided in Cornelius, North Carolina, at the time she filed the petition.

Respondent first initiated collection activity against petitioner for the taxable years at issue, 2002 and 2003, on February 26, 2005. Petitioner requested relief for those years on August 17, 2007, which is more than two years after the collection activity began for those years. Respondent denied her

relief in the determination notice dated November 20, 2007. Respondent explained he was denying her relief under section 6015(f) because petitioner requested relief more than two years after respondent began collection activity against her for those years.

Petitioner did not file a petition to contest respondent's determination denying relief within 90 days of the determination notice. The 90-day period for timely filing a petition expired on February 19, 2008. Instead, petitioner filed the petition with this Court on August 19, 2009, approximately 639 days after mailing the determination notice.[2] Respondent filed the motion to dismiss on the grounds that the petition was not timely filed.

## Discussion

We are asked to decide whether we have jurisdiction to review respondent's denial of petitioner's request for relief. We begin with an overview of our jurisdiction to review requests for relief under section 6015(f).

The Tax Court is a court of limited jurisdiction and we may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). There are three

_____

[2]Petitioner timely filed a stand-alone petition with respect to taxable years 1999, 2000 and 2001 on Sept. 3, 2008. She then moved to amend the petition in that case to include the 2002 and 2003 taxable years. We denied petitioner's motion to amend the petition but treated the amended petition as a petition in a new and separate, but related, case involving taxable years 2002 and 2003. That case is presently before us.

jurisdictional bases for the Court to review a claim for section 6015 relief. Van Arsdalen v. Commissioner, 123 T.C. 135, 138 (2004); King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000). First, a taxpayer may seek relief by raising the matter as an affirmative defense in a petition for redetermination of a deficiency filed under section 6213 (i.e., a deficiency proceeding). King v. Commissioner, supra at 121-122; Corson v. Commissioner, supra at 363; Butler v. Commissioner, 114 T.C. 276, 287-289 (2000). A taxpayer may also request relief in a petition for review of a lien or levy action. See secs. 6320(c), 6330(c)(2)(A)(i).

Finally, a taxpayer may file a "stand alone" petition in this Court seeking relief where the Commissioner has issued a final determination denying the taxpayer's claim for relief or the Commissioner has failed to rule on the taxpayer's claim within six months of its filing. See sec. 6015(e)(1); Mora v. Commissioner, 117 T.C. 279 (2001); King v. Commissioner, supra at 122; Corson v. Commissioner, supra at 363; Fernandez v. Commissioner, 114 T.C. 324, 329 (2000). The stand alone petition must be filed no later than the close of the 90th day after the Commissioner issues a final determination or after the date which is six months after the initial request for relief if the Commissioner has not issued a determination. See sec. 6015(e)(1)(A).

The petition filed in this case was a stand alone petition because it was not raised in a deficiency or collection action. Petitioner argues that the relevant period for filing a petition is the 6-month period that applies if no determination has been made because respondent's determination regarding her claim is invalid.  Petitioner claims respondent's determination denying her claim was invalidated by our decision in Lantz.  We held in Lantz that the Commissioner abused his discretion in denying section 6015(f) relief on the sole ground that the request was filed more than 2 years after the collection activity began. Petitioner argues that respondent's determination is therefore invalid because it denied relief on the same grounds.  We disagree.

Petitioner's argument would require us to review the merits of every petition for relief to determine whether we have jurisdiction.  Petitioner's argument is too broad.  We have previously held that our jurisdiction to review a request for relief is not predicated on whether the taxpayer qualifies for relief under one of the subsections.  See Gormeley v. Commissioner, T.C. Memo. 2009-252.  If jurisdiction is lacking, as it is here because the petition was not timely filed, we do not and should not proceed to address the merits of whether petitioner as the requesting spouse is entitled to relief.  See id.

Furthermore, our jurisdiction to review a denial of section 6015(f) relief is predicated on whether a timely petition was filed. The 2-year limitation period for a taxpayer to request relief is not the same limitation period for determining whether a timely petition for review was filed. Timeliness is focused on whether a determination was issued to the requesting spouse and when the requesting spouse filed a petition. Petitioner's argument confuses two separate and distinct limitation periods. We will therefore not address petitioner's argument that the determination was invalid because petitioner did not timely file a petition to confer jurisdiction on this Court.

Respondent issued the determination notice to petitioner on November 20, 2007. Petitioner was therefore required to file a petition by February 19, 2008. Petitioner did not file a petition by then, however. We therefore find that the petition was not timely filed. Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.