**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-27

UNITED STATES TAX COURT

STEPHANIE LYNN CHRISTIE, a.k.a. STEPHANIE LYNN FORAN, Petitioner,
AND JOHN FORAN, a.k.a. ARTHUR J. MAURELLO, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24515-12S.                    Filed March 26, 2014.

Stephanie Lynn Christie, a.k.a. Stephanie Lynn Foran, pro se.

John Foran, a.k.a. Arthur J. Maurello, pro se.

John Schmittdiel and Melissa J. Hedtke, for respondent.

SUMMARY OPINION

HALPERN, Judge:  This case was heard pursuant to the provisions of

section 7463[1] of the Internal Revenue Code in effect when the petition was filed.

--------

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner and her ex-husband, Arthur J. Maurello (intervenor), made a joint Federal income tax return for 2008. The resulting tax has not been paid, and petitioner requested from respondent relief from the joint and several liability for that tax imposed on joint return filers by section 6013(d)(3). See sec. 6015. Respondent determined that petitioner did not provide him with information sufficient to show that she met the requirements set forth in section 6015 for relief from joint and several liability, and he denied her request. Petitioner appealed that determination to this Court. We have jurisdiction to determine the appropriate relief to petitioner under section 6015. See sec. 6015(e)(1). Intervenor has the right to intervene in this case, see sec. 6015(e)(4); Rules 320-325, and he did so by filing a notice of intervention (notice). By the notice, he invokes the affirmative defense of collateral estoppel, averring that, on account of a prior State court decision, petitioner is estopped from seeking review of respondent's determination denying her any section 6015 relief. He moved for summary adjudication in his favor (motion) on the ground that a State court judgment bars consideration of

---

[1](...continued)
Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

"[the] responsibility between petitioner and intervenor for their 2008 federal income tax liability."

We may grant summary judgment with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b).  We ordered petitioner and respondent to respond to the motion.  Petitioner did not respond.  Nevertheless, we deem her to object to the motion since intervenor failed to state in the motion whether she objected.  See Rule 50(a); Dehaai v. Commissioner, T.C. Memo. 1989-127 n.3.  Respondent objects.  Intervenor requested a hearing on the motion, but we think no hearing is necessary given the principally legal nature of the questions before us and the extensive legal argument made by intervenor.  See Rule 50(b).  Before addressing the motion, we address intervenor's standing to make the motion.

## Standing

We have not previously determined whether an individual intervening in a case pursuant to section 6015(e)(4) and our Rules has standing to move for summary judgment.  We decide that he does.  Rule 24(a)(1) of the Federal Rules

of Civil Procedure provides that, on timely motion, anyone who is given an unconditional right to intervene by a Federal statute must be permitted to intervene. Federal District Courts have held that, under rule 24 of the Federal Rules of Civil Procedure, an intervenor in an action or proceeding is, for all intents and purposes, an original party. See, e.g., United States ex rel. Ward Constr. Serv., Inc. v. United States Fid. & Guar. Co., 26 F.R.D. 568 (E.D. Ky. 1960); In re Raabe, Glissman & Co., 71 F. Supp. 678 (S.D.N.Y. 1947). In United States v. City of Hialeah, 899 F. Supp. 603, 608 (S.D. Fla. 1994), aff'd, 140 F.3d 968 (11th Cir. 1998), the Federal District Court held that pursuant to rule 24 of the Federal Rules of Civil Procedure intervenors have the same rights as the original parties. Section 6015(e)(4) confers on a nonelecting spouse an unconditional statutory right to intervene within the meaning of rule 24(a)(1) of the Federal Rules of Civil Procedure. E.g., Van Arsdalen v. Commissioner, 123 T.C. 135, 142-143 (2004). Section 6015(e)(4) directs the Court to "establish rules which provide the individual filing a joint return but not making the election * * * with adequate notice and an opportunity to become a party to a proceeding". The statute does not authorize the Court to impose any significant substantive conditions with respect to the nonelecting spouse's right to intervene. Van Arsdalen v. Commissioner, 123 T.C. at 143. Consequently, the Court prescribed the

procedures for intervention within Rule 325 and did so without imposing any substantive conditions on the nonelecting spouse--intervenor. Thus, intervenor, as a party to this action, has the right to file a motion for summary judgment.

## Background

Petitioner and intervenor were divorced pursuant to a judgment and decree of divorce (judgment) entered by the Circuit Court, Third Judicial Circuit, Kingsbury County, South Dakota (State court), on April 1, 2011. Previously, petitioner and intervenor had appeared by telephone at a hearing (hearing) before the State court to recite the terms of a stipulation and settlement agreement (agreement) resolving all of the issues to be resolved in the divorce action. The agreement provides in relevant part that:

> There is a tax return filed by the parties for the year 2008 that the IRS is alleging there is an amount due on. It's agreed between the parties that they will leave the disposition of that matter up to the Internal Revenue Service and they will each pay their part of any responsibility that's imposed upon them by the Internal Revenue Service.

Petitioner stated during the hearing that she had already applied for section 6015 relief. Petitioner and intervenor then had the following exchange:

> THE DEFENDANT [intervenor]: And also on the question of taxes, Stephanie will not--the IRS will decide whatever it decides. Stephanie will not subsequently claim that she is a victim if found to be jointly and severally liable on the tax claim * * *

THE PLAINTIFF [petitioner]: If they [IRS] say it needs to be paid, I will pay half of the tax bill.

THE DEFENDANT: I understand that.

THE PLAINTIFF: If they find me to be held accountable.

MR. WIECZOREK [petitoner's counsel]: That's the 2008 Internal Revenue bill, right?

THE DEFENDANT: Right.

THE COURT: All right. * * *

Reflecting petitioner's and intervenor's agreement as to 2008 taxes, the judgment provides:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as to any claim being made by the Internal Revenue Service for unpaid income taxes or penalty therefor concerning the parties' 2008 federal income tax return, pursuant to the parties' agreement each shall pay that amount as their liability is determined pursuant to the proceedings before the Internal Revenue Service. Defendant shall be entitled to a copy of any paper work filed by Plaintiff claiming innocent spouse status concerning the parties' 2008 federal income tax return.

## Discussion

Intervenor argues: "[P]etitioner is collaterally estopped from raising the sole issue she seeks to advance herein--the division of relative responsibility between her and her former husband for 2008 federal income tax liability--said

issue having been finally adjudicated between the same two litigants in the earlier proceeding."

Respondent argues:

Whether Petitioner is collaterally estopped from claiming that she is entitled to relief under I.R.C. § 6015 is an issue for which there is no genuine dispute as to any material fact because interpreting the State Court judgment and decree of divorce (judgment) is irrelevant to this case. Indeed, the Court may determine as a matter of law that Petitioner is not collaterally estopped even though the meaning of the judgment is an unresolved factual dispute.

We agree with respondent that the meaning of the above-quoted paragraph from the judgment presents an unresolved factual dispute (e.g., Does the expression "the proceedings before the Internal Revenue Service" include the Tax Court review procedures provided for in section 6015(e)?). We also agree with respondent that we need not decide whether there is a genuine dispute as to a material fact because interpreting the judgment is irrelevant to this case.

Petitioner is not estopped from asking us to determine the appropriate relief available to her under section 6015 because the petition does not raise an issue identical to an issue decided by the State court. Collateral estoppel requires that the issue in the second suit be identical in all respects to the one decided in the first suit. Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), aff'd, 904 F.2d 525 (9th Cir. 1990). The State court decreed that petitioner was divorced from

intervenor; it further decreed (incorporating in the judgment petitioner and intervenor's agreement) that they would pay their 2008 Federal tax liability "as their liability is determined pursuant to the proceedings before the Internal Revenue Service."[2]  This proceeding is brought pursuant to section 6015(e), and our authority is to determine the appropriate relief available to an individual who, (1) having elected to have section 6015(b) or (c) apply or (2) having requested equitable relief under section 6015(f), is denied by the Commissioner the relief requested.  Although the facts relevant to our determination under section 6015 (b), (c), or (f) vary, the State court did not decide an issue identical to whether petitioner is entitled to relief under any of these provisions.  The State court merely decreed how, as between them, petitioner and intervenor would share the unpaid 2008 tax liability.  It decided nothing (and had no authority to decide

---

[2]For collateral estoppel to apply to an issue of law or fact, the parties must have actually litigated the issue.  See 1 Restatement, Judgments 2d, sec. 27 (1982); see also Peck v. Commissioner, 90 T.C. 162, 167 (1988), aff'd, 904 F.2d 525 (9th Cir. 1990).  Here, of course, we have a judgment incorporating petitioner's and intervenor's stipulation regarding their 2008 tax liability.  According to the Restatement:  "An issue is not actually litigated * * * if it is the subject of a stipulation between the parties."  1 Restatement, supra, sec. 27 cmt. e.  It continues, however:  "A stipulation may * * * be binding in a subsequent action between the parties if the parties have manifested an intention to that effect."  Id.  Since, as stated infra, we determine that the State court did not decide an issue identical to whether petitioner is entitled to relief under sec. 6015 (a determination providing a sufficient basis for us to deny the motion), we need not decide whether the issue was actually litigated.

anything) relevant to petitioner's liability to respondent for the unpaid 2008 tax. Had the State court decreed that intervenor was 100% responsible for the unpaid 2008 tax and that petitioner was to bear no responsibility for the tax, that decree would not foreclose respondent from pursuing petitioner for any portion of the 2008 tax not paid by intervenor, nor would it foreclose petitioner from seeking relief from us pursuant to section 6015(e)(1). And, if petitioner were to seek that relief, intervenor would not be collaterally estopped from contending that petitioner is not entitled to any section 6015 relief.

Indeed, intervenor recognizes that the judgment binds neither respondent nor the Court.[3] In his response to respondent's objection to the motion, he agrees that (1) the Commissioner is not bound by a provision in a divorce agreement allocating liability and (2) the Court is not bound by a divorce court's approval of a property settlement. He adds: "[Intervenor] does not assert that the divorce action predicate to the petition herein binds either the respondent or the Court. Rather, intervenor simply asserts the parties' accord affirmed by the state court

_____

[3]Respondent was not a party to the proceeding giving rise to the judgment. We have on numerous occasions held that the Commissioner is not bound by a provision in a divorce agreement allocating tax liability. See, e.g., Pesch v. Commissioner, 78 T.C. 100, 129 (1982). Moreover, in Bruner v. Commissioner, 39 T.C. 534 (1962), concerning the allocation of dependency exemptions to divorced spouses, we held that we are not bound by a community property settlement approved by the divorce court.

binds the <u>petitioner</u> herein."  We need not in disposing of the motion determine whether intervenor is right on that count (petitioner being bound) or the consequence if he is.

Finally, we are unclear as to whether, besides defending on the basis of collateral estoppel, intervenor defends on the basis of judicial estoppel.[4]  We have recently in <u>Peking Inv. Fund, LLC v. Commissioner</u>, T.C. Memo. 2013-288, at *28-*29, discussed the doctrine of judicial estoppel, quoting <u>Huddleston v. Commissioner</u>, 100 T.C. 17, 26 (1993), as follows:  "'Judicial estoppel is an equitable doctrine that prevents parties in subsequent judicial proceedings from asserting positions contradictory to those they previously have affirmatively persuaded a court to accept.'"  We see no application of the doctrine here.  We decide only the extent (if any) to which petitoner should be relieved of joint and several liability to respondent for the unpaid 2008 tax, not whether she should reimburse intervenor for any unpaid 2008 tax that respondent collects from him.  We have quoted petitioner's statement at the hearing that, if the IRS determined she had to pay one half of the 2008 tax bill, she would.  That is not inconsistent

---

[4]He does not claim judicial estoppel in the notice, nor does he address it in the motion or discuss it in his memorandum in support of the motion.  He does, however, in his affidavit in support of the motion state:  "The factual basis for the relief sought here arguably might also fit the * * * concept known as judicial estoppel".

with what we understand to be her position in this case. In the petition, she states:

"I petition the court to separate the tax debt that is shared by myself and my ex-husband."

We will deny the motion.

An appropriate order will be issued.