T.C. Memo. 2007-112

UNITED STATES TAX COURT

BEA-JAYE WARE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21809-04.            Filed May 1, 2007.

<u>William J. Day</u> and <u>Austin B. Barnes III</u>, for petitioner.

<u>Alisha M. Harper</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined that petitioner is not entitled to relief under section 6015(f) for joint income tax liabilities for 1997 through 1999 (the years in issue).[1]  The

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  Amounts are rounded to the nearest dollar.

issue for decision is whether respondent abused his discretion in denying petitioner's request for equitable relief under section 6015(f).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.[2]  At the time she filed her petition, petitioner resided in Brunswick, Ohio.

Petitioner and David C. Crouch (Mr. Crouch) were married on December 31, 1992.  At the time of trial, petitioner and Mr. Crouch remained married and continued to reside in the same residence.

Petitioner and Mr. Crouch are graphic design artists. During the years at issue, Mr. Crouch owned and operated Dave Crouch Graphics.  Mr. Crouch made no estimated tax payments on income he received from Dave Crouch Graphics.  During the years at issue, petitioner was employed by Advanstar Communications, Inc. (Advanstar).  Advanstar withheld Federal income tax from petitioner's wages, and had she filed her returns as married

---

[2]  Respondent reserved relevancy objections to three exhibits attached to the stipulation of facts and to all trial testimony on the basis that such information was not available to the Appeals officer when she made her determination in this case. While the relevance of some of the disputed exhibits and testimony is limited, the Court will give the evidence only such consideration as is warranted by its pertinence to the Court's analysis of the instant case.

filing separately, petitioner would have been entitled to a refund.

Petitioner and Mr. Crouch filed their 1994 through 1996 tax returns as married filing separately. Petitioner and Mr. Crouch filed a joint 1997 Federal income tax return on May 7, 1999, reflecting an amount owed of $33,423. The amount owed was attributable solely to Mr. Crouch's business activities. Petitioner and Mr. Crouch included a $6,500 payment with their 1997 return and made an additional payment of $4,000 in August 1999. In October 2000, petitioner received notice that her wages were to be garnished in order to pay her and Mr. Crouch's 1997 outstanding tax liability. For pay periods ending November 3 and 17, and December 1 and 15, 2000, Advanstar withheld $557 from petitioner's pay as garnishment.[3]

On November 9, 2000, petitioner and Mr. Crouch filed joint Federal income tax returns for 1998 and 1999, reflecting amounts owed of $19,671 and $27,321, respectively. The amounts owed were attributable solely to Mr. Crouch's business activities. No payments accompanied the 1998 and 1999 returns. Petitioner voluntarily signed the returns on November 9, 2000. At the time she signed the returns, she knew there was an outstanding tax

---

[3] On Feb. 7, 2002, petitioner and Mr. Crouch's 1997 joint tax liability was discharged under 11 U.S.C. sec. 727, by the U.S. Bankruptcy Court for the Northern District of Ohio. Respondent has conceded that he will no longer attempt to collect the discharged liability.

liability for 1997, that her wages were being garnished to pay the 1997 tax liability, and that petitioner and Mr. Crouch could not pay the amounts due for 1998 and 1999.

On or about March 20, 2001, petitioner filed a Form 8857, Request for Innocent Spouse Relief, requesting equitable relief under section 6015(f). Along with the Form 8857, petitioner submitted a letter explaining why she thought she was entitled to equitable relief. The letter stated in part:

> Our tax matters have always been handled by David. * * * I had no knowledge that our Joint tax returns for tax years 1997, 1998 and 1999 were not timely filed. I became aware of this situation, last summer when * * * [a revenue officer] placed her business card in the door of our residence. I had no knowledge until this happened; and then I only knew Dave was behind for 1997. When the Service levied my wages in December 2000; I became aware of the unfiled 1998 & 1999 tax returns.
>
> The underpaid taxes * * * are attributable solely to David's business * * * I have never been involved in my husband's business * * *. David maintained the books and records of his business.
>
> David & I retained the law firm of Roni Lynn Deutch, to negotiate a payment plan on the delinquent tax returns. I was not offered nor received counsel with respect to my option of filing separately; from David, for the unfiled years. * * *
>
> If I had received knowledge of the tax situation by my husband, our tax preparer, or Roni Lynn Deutch I would have elected to file separate federal & state of Ohio tax returns for 1997, 1998 & 1999.

On August 17, 2001, respondent notified petitioner that the Form 8857 had been received and requested additional information.

On September 19, 2001, petitioner submitted to respondent a Form 886-A, Innocent Spouse Questionnaire.  Petitioner reported monthly gross income of $3,715 and monthly expenses of $5,685. Petitioner's monthly expenses included, among other things, $300 for clothing, $700 for vehicle expenses, $240 for "pet care", and $400 in miscellaneous expenses.

On December 20, 2001, respondent issued petitioner an initial determination letter.  Respondent determined that petitioner was not entitled to equitable relief under section 6015(f) for the years at issue, stating:

> To qualify for relief under IRC Section 6015(f), you must establish that you believed the tax would be paid at the time of filing the return.  Information in your case file does not establish that you had belief that the tax would be paid at the time of filing. Therefore, your request for relief for the tax years * * * [at issue] has been disallowed.

On March 4, 2002, respondent received from petitioner a Form 12509, Statement of Disagreement, in which petitioner repeated her arguments set forth in her request for innocent spouse relief.

On July 22, 2002, respondent advised petitioner that her case had been received for consideration and identified Appeals Officer Denise Neidermeyer (Ms. Neidermeyer) as the person handling her case.  Ms. Neidermeyer determined that "The taxpayer knew or had reason to know that the tax would not be paid when she signed the [1998 and 1999] returns.  This is evidenced by the

fact that her wages were garnished for prior-year joint liabilities before she signed the 1998 and 1999 returns." Ms. Neidermeyer recommended that petitioner be denied equitable relief under section 6015(f). On August 12, 2004, respondent issued petitioner a notice of determination denying her request for equitable relief under section 6015(f).

On November 15, 2004, petitioner filed her petition with this Court. Petitioner contended that respondent abused his discretion in denying her equitable relief under section 6015(f). This case was called for trial on March 27, 2006.

On July 25, 2006, this Court issued Billings v. Commissioner, 127 T.C. 7 (2006), holding that the Court does not have jurisdiction to review the Commissioner's denial of relief under section 6015(f) in a case where no deficiency has been asserted. Our holding in Billings was in accord with the Courts of Appeal opinions in Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating T.C. Memo. 2004-93, and Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002). On September 1, 2006, respondent filed a motion to dismiss for lack of jurisdiction contending that, in light of Billings v. Commissioner, supra, the Court lacked jurisdiction over this case.

In the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061, Congress reinstated our

jurisdiction to review the Commissioner's determinations under section 6015(f) with respect to tax liability remaining unpaid on or after December 20, 2006. Upon order of the Court, the parties certified that petitioner's liability for tax years 1998 and 1999 remained unpaid as of December 20, 2006.[4] Accordingly, the Court determined that it has jurisdiction over this case and denied respondent's motion to dismiss for lack of jurisdiction.

## OPINION

If a husband and wife file a joint Federal income tax return, they generally are jointly and severally liable for the tax due. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, a spouse may qualify for relief from joint and several liability under section 6015(b) or (c) if various requirements are met. The parties agree that petitioner does not qualify for relief under section 6015(b) or (c).

If relief is not available under section 6015(b) or (c), the Commissioner may relieve an individual of liability for any unpaid tax if, taking into account all the facts and circumstances, it would be inequitable to hold the individual liable. Sec. 6015(f). This Court has jurisdiction to review a denial of equitable relief under section 6015(f). Sec. 6015(e);

---

[4] Petitioner's 1997 tax year is no longer at issue. See supra note 3.

see also <u>Farmer v. Commissioner</u>, T.C. Memo. 2007-74; <u>Van Arsdalen</u>
<u>v. Commissioner</u>, T.C. Memo. 2007-48.

We review the Commissioner's denial of relief for abuse of
discretion. <u>Jonson v. Commissioner</u>, 118 T.C. 106, 125 (2002),
affd. 353 F.3d 1181 (10th Cir. 2003); <u>Farmer v. Commissioner</u>,
<u>supra</u>; <u>Van Arsdalen v. Commissioner</u>, <u>supra</u>. The taxpayer seeking
relief has the burden of proof. <u>Alt v. Commissioner</u>, 119 T.C.
306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004). To
prevail, the taxpayer must show that the Commissioner's
determination was arbitrary, capricious, or without sound basis
in fact or law. <u>Butler v. Commissioner</u>, <u>supra</u> at 291-292; <u>Farmer</u>
<u>v. Commissioner</u>, <u>supra</u>; <u>Van Arsdalen v. Commissioner</u>, <u>supra</u>.

The Commissioner promulgated a list of factors in Rev. Proc.
2000-15, sec. 4, 2000-1 C.B. 447, 448-449, that the Commissioner
considers in determining whether to grant equitable relief under
section 6015(f).[5] First, the Commissioner will not grant relief
unless seven threshold conditions have been met: (1) The
taxpayer must have filed joint returns for the taxable years for
which relief is sought; (2) the taxpayer does not qualify for

---

[5] Respondent's determination was subject to Rev. Proc.
2000-15, 2000-1 C.B. 447. Rev. Proc. 2000-15, <u>supra</u>, was
superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, for requests
for relief under sec. 6015(f) that were filed on or after Nov. 1,
2003, or if pending on Nov. 1, 2003, for which no preliminary
determination letter had been issued as of Nov. 1, 2003. While
petitioner's request was pending on Nov. 1, 2003, a preliminary
determination letter was issued before Nov. 1, 2003.

relief under section 6015(b) or (c); (3) the taxpayer must apply for relief no later than 2 years after the date of the Commissioner's first collection activity after July 22, 1998, with respect to the taxpayer; (4) the liability must remain unpaid; (5) no assets were transferred between the spouses filing the joint returns as part of a fraudulent scheme by such spouses; (6) there were no disqualified assets transferred to the taxpayer by the nonrequesting spouse; and (7) the taxpayer did not file the returns with fraudulent intent. Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448. Respondent concedes that petitioner meets these conditions.

Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448-449, lists two factors which, if true, the Commissioner treats as favoring relief: (1) The taxpayer is separated or divorced from the nonrequesting spouse; and (2) the taxpayer was abused by the nonrequesting spouse. Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 449, also lists two factors which, if true, the Commissioner, treats as not favoring relief: (3) The taxpayer received significant benefit (beyond normal support) from the unpaid liability or the item giving rise to the deficiency; and (4) the taxpayer has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates. See Ferrarese v. Commissioner, T.C. Memo. 2002-249. The Commissioner generally does not

consider the absence of any of the factors (1), (2), (3), or (4) as weighing in favor of, or against, whether to grant relief under section 6015(f). Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448-449.

Rev. Proc. 2000-15, sec. 4.03, lists the following four factors which, if true, the Commissioner treats as favoring relief, and which, if not true, the Commissioner treats as not favoring relief: (5) The taxpayer would suffer economic hardship if relief were denied; (6) in the case of a liability that was properly reported but not paid, the taxpayer did not know and had no reason to know that the liability would not be paid; (7) the liability for which relief is sought is attributable to the nonrequesting spouse; and (8) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding tax liability (weighs against relief only if the requesting spouse has the obligation). Rev. Proc. 2000-15, sec. 4.03, also states that no single factor is controlling, all factors will be considered and weighed appropriately, and the list of factors in Rev. Proc. 2000-15, sec. 4, is not exhaustive.

1.  <u>Petitioner's Marital Status</u>

Petitioner and Mr. Crouch were still married when petitioner sought relief. This factor is neutral.

2.   Spousal Abuse

Petitioner did not allege that she suffered from spousal abuse.   This factor is neutral.

3.   Significant Benefit

Respondent determined that petitioner received significant benefit beyond normal support from the unpaid tax liability. During the years at issue, petitioner and Mr. Crouch failed to pay self-assessed taxes of nearly $70,000, excluding any penalties or interest.   While the outstanding tax liability arose solely from Mr. Crouch's business activities, petitioner does not allege that Mr. Crouch secreted his earnings that would otherwise have been used to pay the taxes due.   The record establishes that petitioner's and Mr. Crouch's failure to pay the taxes due increased their expendable income.   Further, petitioner testified that her husband's income allowed her to meet the monthly expenses in excess of her own income.   Petitioner's monthly expenses included $300 for clothing, $700 for vehicle expenses, $240 for pet care, and $400 in miscellaneous expenses.   While neither petitioner nor respondent has elaborated on what "normal support" is in this case, the above-described expenses certainly go beyond normal support.   Because the underpayment of tax allowed petitioner to meet these expenses, we find that petitioner received significant benefit beyond normal support from the unpaid liability.   This factor weighs against relief.

4.    Compliance With Tax Laws

Petitioner complied with Federal income tax laws after 1999, the last year in issue.  This factor is neutral.

5.    Economic Hardship

A factor treated by the Commissioner as weighing in favor of relief under section 6015(f) is that paying the taxes owed would cause the requesting spouse to suffer economic hardship.  Rev. Proc. 2000-15, sec. 4.03(1)(b), 2000-1 C.B. at 448.  The Commissioner considers the taxpayer to suffer economic hardship if paying the tax would prevent the taxpayer from paying reasonable basic living expenses.  Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.; Rev. Proc. 2000-15, secs. 4.02(1)(c) and 4.03(1)(b), 2000-1 C.B. at 448-449.

Respondent determined that petitioner failed to allege that economic hardship would arise if she were denied relief. Petitioner did not allege in her request for innocent spouse relief, at trial, or in her opening brief that she would suffer economic hardship if denied relief.  Petitioner's first and only mention of economic hardship is in her reply brief, where she states:  "It is simply baffling that respondent cannot determine for itself that petitioner would suffer economic hardship if relief from joint and several liability is not granted when it was garnishing $557.45 from her paychecks leaving her a paltry $356.55 for two (2) weeks take home pay."  While the garnishment

certainly reduced petitioner's expendable income in November and December of 2000, it does not establish that payment of the outstanding tax liability would prevent petitioner from paying reasonable basic living expenses. Petitioner has presented no evidence, either to respondent or to the Court, that she would suffer economic hardship if denied relief. Common sense suggests that payment of the outstanding tax liability would put petitioner in a less-than-desirable financial situation. However, based on petitioner's complete lack of proof, we have no choice but to conclude petitioner would not suffer economic hardship if she were denied relief. This factor weighs against relief.

6.   Knowledge or Reason To Know

In determining whether a taxpayer qualifies for equitable relief under section 6015(f), the Commissioner considers whether the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time the return was signed. Rev. Proc. 2000-15, sec. 4.03(2)(b), 2000-1 C.B. at 449.

Respondent determined that petitioner knew or had reason to know that the reported liability would be unpaid when the 1998 and 1999 returns were filed. Petitioner argues that she was unaware of the tax problems surrounding Mr. Crouch's business

activities and that she had no reason to know their 1998 and 1999 reported tax liabilities would be unpaid.[6]

Prior to signing and filing the 1998 and 1999 tax returns, petitioner's wages were garnished by respondent to pay petitioner's and Mr. Crouch's joint 1997 tax liability.  At the least, this put petitioner on notice of the tax problems she and Mr. Crouch were facing.  Even more detrimental to her argument, petitioner testified that she knew they could not pay the amount due when she signed the returns.  We find petitioner knew or had reason to know that the reported liability would be unpaid at the time she signed the returns.  This factor weighs against relief.

7.   Whether the Underpayment of Tax Is Attributable to the Non-Requesting Spouse

Respondent concedes that the underpayment of tax was solely attributable to Mr. Crouch's business activities.  This factor favors relief.

8.   Legal Obligation To Pay

Because there is no decree or agreement imposing such obligation, this factor is neutral.

The only factor favoring relief is that the underpayment of tax was attributable to Mr. Crouch.  This factor is strongly

---

[6]  In support of her argument, petitioner cites Browda v. Commissioner, T.C. Summary Opinion 2004-16.  Under sec. 7463(b), summary opinions are not treated as precedent for any other case, and we do not consider further petitioner's argument as it relates to Browda.

outweighed by the significant benefit petitioner received from the underpayment, her knowledge or reason to know that the reported liability would be unpaid, and her failure to demonstrate economic hardship.  Based on the above, we find that petitioner has failed to carry her burden of showing respondent abused his discretion in denying her equitable relief under section 6015(f).

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concession regarding petitioner's 1997 tax year,

<u>An appropriate</u>

<u>decision will be entered</u>.