T.C. Summary Opinion 2021-35

UNITED STATES TAX COURT

ANTHONY J. TODISCO, JR., AND APRIL J. GONZALES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

APRIL J. GONZALES f.k.a. APRIL J. TODISCO, Petitioner, AND ANTHONY
TODISCO, Intervenor v. COMMISSIONER OF INTERNAL REVENUE,
Respondent

Docket Nos. 3532-14S, 15657-18S.          Filed October 6, 2021.

Anthony J. Todisco, Jr., pro se.

Grace Allison and Anne Rothrock, for petitioner April J. Gonzales.

Miles B. Fuller, Lindsey J. Nicolette, and Michael T. Garrett, for respondent.

SUMMARY OPINION

NEGA, Judge: These consolidated cases were heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petitions were filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioners, Anthony J. Todisco, Jr., and April J. Gonzales, then husband and wife, filed joint Federal income tax returns for 2010 and 2015 (years at issue).  By notice of deficiency dated November 26, 2013, respondent determined a deficiency of $5,963 in petitioners' 2010 Federal income tax and an accuracy-related penalty under section 6662(a).  Petitioners timely filed a joint petition for redetermination with this Court at docket No. 3532-14S.  Ms. Gonzales subsequently amended the petition to seek relief from joint and several liability on their joint return for 2010 pursuant to section 6015.

By separate notice of deficiency dated June 29, 2018, respondent determined a deficiency of $4,530 in petitioners' 2015 Federal income tax.  Ms. Gonzales timely filed a petition for determination of relief from joint and several liability on their joint return for 2015 pursuant to section 6015 with this Court at docket No.

---

[1]These cases were consolidated for purposes of trial, briefing, and opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code, Title 26, U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

15657-18S.  Mr. Todisco did not file a petition for 2015 but later intervened in that case to oppose Ms. Gonzales' request for relief from joint and several liability for that year.

After concessions,[2] the issues remaining for decision are whether: (1) petitioners are entitled to deductions for unreimbursed employee business expenses and tax preparation fees claimed on Schedule A, Itemized Deductions, for the 2010 taxable year and (2) Ms. Gonzales is entitled to innocent spouse relief under section 6015(b), (c), or (f) for the years at issue.

Background

Some of the facts have been stipulated and are so found.  Accordingly, the stipulation of facts, the first supplemental stipulation of facts, and the exhibits attached thereto, as well as the admitted exhibits, are incorporated herein by this reference.  Ms. Gonzales lived in New Mexico at the time she filed the petition in each of these consolidated cases.  Mr. Todisco lived in New Mexico at the time he filed the petition at docket No. 3532-14S and at the time he filed his notice of intervention at docket No. 15657-18S.

---

[2]Respondent conceded at trial that petitioners are not liable for the sec. 6662(a) accuracy-related penalty for the 2010 taxable year.

Mr. Todisco and Ms. Gonzales resided in the same household in 2008 and were married in February 2010. They have two children together, and Ms. Gonzales has a child of her own from a previous relationship. Petitioners separated in 2013, reconciled thereafter, and separated again in May 2015. After their 2015 separation, petitioners lived in separate households, and they were divorced in March 2016.

On March 14, 2016, the Second Judicial District Court of New Mexico, County of Bernalillo, entered a Stipulated Final Decree of Dissolution of Marriage (divorce decree), which incorporated a Stipulated Marital Settlement Agreement (MSA) executed by petitioners on March 3, 2016. Both the divorce decree and the MSA are silent regarding which spouse is liable for any tax liabilities for the years at issue.

During the years at issue, Mr. Todisco was employed in construction and was the primary wage earner of their household. Because of the nature of his employment, he was often required to travel away from home for periods of time to work on construction projects. Ms. Gonzales is a high school graduate and was the primary caregiver for their children. Petitioners maintained a joint checking account, which Ms. Gonzales used to pay household and credit card bills. Mr. Todisco, however, maintained financial control over their household.

I.    2010 Employment

Mr. Todisco was employed by Gulf Intracoastal Constructors (GIC) and worked at a jobsite in Louisiana from September 21, 2009, through May 24, 2011. GIC was Mr. Todisco's sole employer during the 2010 taxable year when he worked on assignment for GIC, through a joint venture of Kiewit Infrastructure Co. (Kiewit), on a large construction project in Louisiana.

Throughout the duration of his employment with GIC Mr. Todisco lived in Louisiana and received, in addition to his hourly wages, $300 of "subsistence" per week for travel-related expenses. Although Kiewit provided a company vehicle for Mr. Todisco to use while working for GIC, he chose to use his personal vehicle most of the time and was reimbursed for fuel expenses. Mr. Todisco commuted approximately 70 miles from his residence in Covington, Louisiana, to the jobsite and drove his personal vehicle while at work.

Ms. Gonzales was not employed and had no separate income during the 2010 taxable year. Initially, Ms. Gonzales lived with their children at their home in Albuquerque, New Mexico, while Mr. Todisco lived and worked in Louisiana. Mr. Todisco traveled home to New Mexico on weekends to visit his family as often as possible. After their marriage, in April 2010, Ms. Gonzales and their children moved to Louisiana to live with her husband. They all resided in

Louisiana until Mr. Todisco's employment with GIC ended in May 2011, when the family moved back to their home in New Mexico. At all times during 2010 petitioners maintained their personal residence in Albuquerque, New Mexico.

II.     2015 Employment

During 2015 Mr. Todisco was employed by FNF Construction, Inc. (FNF), and traveled to various construction project sites in McKinley County, New Mexico, and Navajo County, Arizona. Although FNF provided and made available a company vehicle for his use, Mr. Todisco chose to use his personal vehicle throughout his employment with FNF. FNF paid Mr. Todisco for any incurred fuel expenses and offered him reimbursement for any work-related vehicle repair or maintenance. At all relevant times Mr. Todisco maintained insurance on his personal vehicle.

When petitioners separated in May 2015, Ms. Gonzales and their children moved to live with her father in Farmington, New Mexico. In August 2015 Ms. Gonzales moved to Rio Rancho, New Mexico, and was employed by Wellbridge Club Management LLC (Wellbridge). Ms. Gonzales earned $3,096 of wages, reported on Form W-2, Wage and Tax Statement, from Wellbridge during the 2015 taxable year. Wellbridge was Ms. Gonzales' sole employer in 2015.

III.    Petitioners' Joint Returns for 2010 and 2015

Petitioners timely filed joint Forms 1040, U.S. Individual Income Tax Return, for the years at issue.  On Schedule A attached to their 2010 joint return, petitioners claimed deductions for, inter alia, tax preparation fees of $301 and unreimbursed employee business expenses of $41,317 (before the application of the 2% limitation prescribed in section 67(a)).  Petitioners also attached to their return Form 2106-EZ, Unreimbursed Employee Business Expenses, reporting that the unreimbursed employee business expenses comprised $10,054 for vehicle expenses, $3,640 for meals and entertainment expenses, and $27,623 for business expenses.  Petitioners used the standard mileage rate to calculate the amount of the vehicle expenses, which was based on a reported 20,108 miles driven for "Business" and zero miles driven for "Commuting" or "Other".  The unreimbursed employee business expense deductions petitioners claimed for the 2010 taxable year were solely attributable to Mr. Todisco's employment with GIC.

On Schedule A attached to their 2015 joint return, petitioners claimed, inter alia, a deduction for unreimbursed employee business expenses of $31,919 (before the application of the 2% limitation prescribed in section 67(a)).  Petitioners also attached to their return Form 2106-EZ reporting that the unreimbursed employee business expenses comprised $29,943 for vehicle expenses and $1,976 for business

expenses. Petitioners used the standard mileage rate to calculate the amount of the vehicle expenses, which was based on a reported 52,074 miles driven for "Business", zero miles driven for "Commuting", and 7,926 miles driven for "Other". The unreimbursed employee business expense deduction petitioners claimed for the 2015 taxable year was solely related to Mr. Todisco's employment with FNF.

IV.    Notices of Deficiency and Petitions

On November 26, 2013, respondent issued to petitioners a joint notice of deficiency in which respondent determined a deficiency of $5,963 in petitioners' 2010 Federal income tax. Respondent disallowed the deductions for unreimbursed employee business expenses and tax preparation fees claimed for 2010 on the ground that petitioners "did not establish that the business expense * * * was paid or incurred during the taxable year and that the expense was ordinary and necessary to" petitioners' business. On February 24, 2014, petitioners timely filed a joint petition for redetermination with the Court at docket No. 3532-14S. Ms. Gonzales subsequently amended the petition to assert, as an affirmative defense, her entitlement to relief from joint and several liability on their joint return for 2010 pursuant to section 6015(b), (c), or (f).

On June 29, 2018, respondent issued to petitioners a joint notice of deficiency in which respondent determined a deficiency of $4,530 in petitioners' 2015 Federal income tax. Respondent disallowed the unreimbursed employee business expense deduction claimed for 2015 on the ground that petitioners "did not establish that the business expense * * * was paid or incurred during the taxable year and that the expenses was ordinary and necessary to" petitioners' business. On August 13, 2018, Ms. Gonzales timely filed a petition for determination of relief from joint and several liability on their joint return for 2015 pursuant to section 6015(b), (c), or (f) with the Court at docket No. 15657-18S. Mr. Todisco did not file a petition but later intervened in the case to oppose Ms. Gonzales' request for relief from joint and several liability.

V. <u>Ms. Gonzales' Innocent Spouse Relief</u>

After Ms. Gonzales raised her requests for relief from joint and several liability in the amended petition at docket No. 3532-14S and the petition at docket No. 15657-18S, she submitted to respondent Forms 8857, Request for Innocent Spouse Relief, for the years at issue. Respondent has not made a written determination as to whether Ms. Gonzales is entitled to innocent spouse relief. However, at trial respondent stated that he supports Ms. Gonzales' claim for relief pursuant to section 6015(b), (c), or (f) for the years at issue.

Ms. Gonzales signed the joint return for 2010. Mr. Todisco had everything prepared, he made her sign with no questions asked, and she signed to avoid an argument and abuse. Ms. Gonzales was not involved in preparing the joint return for 2010, did not know anything was incorrect or missing, and was not allowed to review or know the contents of the return. At the time the return was filed, she knew that Mr. Todisco had income from his employment but did not know any details.

Ms. Gonzales signed the joint return for 2015. She went to the Certified Public Accountant's (C.P.A.) office and signed the return because she believed that, if she questioned Mr. Todisco about anything, he would get really upset and would get violent toward her and the children. Ms. Gonzales was not involved in preparing the joint return for 2015, and had no knowledge of any of the correct, incorrect, or missing information Mr. Todisco reported as work or business expenses. She knew he was employed and earned wages; however, she did not know the details and had no knowledge about Mr. Todisco's income after they separated in May 2015.

Mr. Todisco physically and verbally abused Ms. Gonzales and their children. The physical abuse began in December 2009, she and her children feared Mr. Todisco, and she could not ask him for household items, let alone tax information.

At trial Ms. Gonzales submitted into the record a supplement to her Forms 8857, which updated her financial information as of the date of trial. In the supplement she reported that her household has two adults and six children, total monthly income is $6,603, and total monthly expenses are $7,929.

Ms. Gonzales filed income tax returns and does not have an outstanding balance for the 2011, 2012, 2013, 2014, 2016, 2017, and 2018 taxable years. Respondent has not proposed any adjustments to Ms. Gonzales' returns for those years.

Discussion

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). Our jurisdiction to redetermine a Federal income tax deficiency depends on a valid notice of deficiency and a timely filed petition. Secs. 6212(a), 6213(a), 6214(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989). A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination filed in response to a notice of deficiency under section 6213(a). Van Arsdalen v. Commissioner, 123 T.C. 135, 138 (2004); Butler v. Commissioner, 114 T.C. 276, 287-288 (2000).

For the 2010 taxable year, petitioners timely filed a joint petition for redetermination in response to the notice of deficiency dated November 26, 2013, and Ms. Gonzales timely raised her request for relief from joint and several liability pursuant to section 6015 as an affirmative defense. For the 2015 taxable year, only Ms. Gonzales timely filed a petition in response to the notice of deficiency dated June 29, 2018. The only issue Ms. Gonzales raised in her petition is whether she is entitled to relief from joint and several liability pursuant to section 6015. Mr. Todisco did not file a petition for 2015 but later intervened in that case to oppose Ms. Gonzales' request for relief from joint and several liability. See Rule 325(b).

I.      Deficiency for 2015

As an intervening party, Mr. Todisco is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceeding, and must abide by the Court's Rules. See Tipton v. Commissioner, 127 T.C. 214, 217 (2006). Since Ms. Gonzales did not, and does not, dispute the underlying deficiency for 2015, Mr. Todisco may not independently raise a dispute as to the underlying deficiency. Mr. Todisco passed on his opportunity to do so when he failed to timely file a petition of his own or join Ms. Gonzales' petition. Therefore, as to Ms. Gonzales, we sustain

respondent's deficiency determinations for the 2015 taxable year as set forth in the notice of deficiency dated June 29, 2018.

II.    Deficiency for 2010

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.  Therefore, petitioners bear the burden of proof.

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v.

Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

A taxpayer is required to maintain and produce records sufficient to enable the

Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; sec.

1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount

and purpose of the claimed deductions. Higbee v. Commissioner, 116 T.C. 438,

440 (2001).

A.     Tax Preparation Fees

A taxpayer may deduct ordinary and necessary expenses incurred in

connection with the determination, collection, and refund of taxes. See sec.

212(3). Such deductible expenses include expenses incurred in connection with

the preparation of tax returns. See sec. 1.212-1(l), Income Tax Regs. The taxpayer

bears the burden of proving that he or she incurred the costs and maintaining

appropriate records to substantiate them. See sec. 6001; sec. 1.6001-1(a), Income

Tax Regs.

Petitioners claimed a deduction of $301 for tax preparation fees on their

Schedule A for 2010. However, they failed to introduce any evidence to

substantiate that the tax preparation fees were paid or incurred during the 2010

taxable year. Accordingly, we sustain respondent's determination to disallow a

deduction for the tax preparation fees.

B.     Unreimbursed Employee Business Expenses

Section 162(a) allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). A deduction normally is not allowed for personal, living, or family expenses. Sec. 262(a). However, section 162(a)(2) allows a taxpayer to deduct ordinary and necessary traveling expenses paid or incurred while away from home in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer establishes that he or she has paid a deductible trade or business expense but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, the Court must have a reasonable basis upon which to make an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). However, the Cohan rule does not apply with respect to deductions that are subject to the strict substantiation

requirements of section 274(d).  Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 274(d) prescribes strict substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and entertainment expenditures, and expenses related to the use of "listed property" as defined in section 280F(d)(4)(A).  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).  As relevant here, the term "listed property" includes passenger automobiles.  Sec. 280F(d)(4)(A)(i).  To satisfy the requirements of section 274(d), a taxpayer must substantiate by adequate records or by sufficient evidence corroborating his or her own statement the amount, time, place, and business purpose for each expenditure or business use of listed property.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or paid bills) of certain expenditures.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Taxpayers lacking a contemporaneous log are expected to

maintain a record created as near in time as possible to the particular expenditure or business use (including the elements outlined above), supported by corroborative documentary evidence that carries with it a high degree of probative value. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

On petitioners' Schedule A for 2010, they claimed a deduction for unreimbursed employee business expenses of $41,317, which comprised vehicle expenses, meals and entertainment expenses, and business expenses. At trial Mr. Todisco testified that the meals and entertainment expenses and business expenses represented traveling expenses incurred while away from home and were calculated using the Federal per diem rates for meals, lodging, and incidentals. Accordingly, we will address the unreimbursed employee business expenses under two general categories: (1) traveling expenses incurred while away from home, and (2) other business vehicle expenses.

### 1. Traveling Expenses Incurred While Away From Home

Section 162(a)(2) allows a taxpayer to deduct traveling expenses (including amounts expended for meals and lodging) if they are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. at 470.

This Court has consistently held that a taxpayer's "home" (or tax home) for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of business or employment and not where the taxpayer's personal residence is located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). However, there is an exception to this rule where the taxpayer accepts employment away from his personal residence if such employment is considered "temporary" as opposed to "indefinite". Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Where such employment is considered temporary, the taxpayer is regarded as "away from home" while working at the temporary location. Id.; Kroll v. Commissioner, 49 T.C. 557, 562 (1968). The purpose underlying this exception is to relieve the taxpayer of the burden of duplicate living expenses while at a temporary employment location, since it would be unreasonable to expect him to move his residence under such circumstances. Tucker v. Commissioner, 55 T.C. 783, 786 (1971). However, duplicate costs are not deductible when the taxpayer maintains two homes for personal reasons. Sec. 262; Commissioner v. Flowers, 326 U.S. at 474.

Employment is considered temporary if the engagement is expected to last for only a short period. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). Temporary employment may become indefinite, however, if it is expected to last

for a substantial, indefinite, or indeterminate duration or because of changed circumstances or the passage of time.  Id. at 469-470; Kroll v. Commissioner, 49 T.C. at 562.  Employment that merely lacks permanence is indefinite unless termination is foreseeable within a short period.  Norwood v. Commissioner, 66 T.C. at 470; Kroll v. Commissioner, 49 T.C. at 562.  Further, the flush text of section 162(a) provides that "the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."  Generally, whether employment is temporary or indefinite depends on the facts and circumstances of each case, and the burden of proving the employment was temporary rests on the taxpayer.  Rule 142(a); Peurifoy v. Commissioner, 358 U.S. at 60-61; Welch v. Helvering, 290 U.S. at 115.

Mr. Todisco contends that his tax home was in New Mexico during the 2010 taxable year because his employment in Louisiana was temporary and he maintained a personal residence in New Mexico.  Therefore, he contends that he incurred the traveling expenses while away from home in Louisiana.  Respondent determined that Mr. Todisco's tax home during the 2010 taxable year was in Louisiana and, therefore, any traveling expenses were not incurred while away from home.  We agree with respondent.

The record establishes that Mr. Todisco's sole place of employment during the 2010 taxable year was in Louisiana, and not in New Mexico. Mr. Todisco was employed by GIC and worked at a jobsite in Louisiana from September 2009 through May 2011. Mr. Todisco testified that, when he accepted his employment with GIC, his initial assignment was for six months but in April or May of 2010, he agreed to continue working for GIC in Louisiana. Even if Mr. Todisco's initial assignment was temporary, it became indefinite because of a change in circumstances, namely, his voluntary agreement to continue working for GIC in Louisiana. Moreover, his period of employment with GIC in Louisiana exceeded one year and, therefore, he is not treated as being temporarily away from home. See sec. 162(a).

In addition, Mr. Todisco has not established that he had a business reason for maintaining his personal residence in New Mexico. He had no business connections to New Mexico during 2010. The fact that Ms. Gonzales and their children lived with him in Louisiana from April 2010 through May 2011 further indicates that he maintained his residence in New Mexico for personal reasons. Accordingly, we find that Mr. Todisco's tax home was in Louisiana during the 2010 taxable year and, therefore, petitioners are not entitled to deduct the reported traveling expenses because the expenses were not incurred while away from home.

Accordingly, we sustain respondent's determination to disallow any deduction for unreimbursed employee business expenses for the 2010 taxable year.

2.      Other Business Vehicle Expenses

Section 162(a) allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. An expense is ordinary if commonly or frequently incurred in the trade or business of the taxpayer. Deputy v. du Pont, 308 U.S. 488, 495-496 (1940). An expense is necessary if it is appropriate and helpful in carrying on the trade or business of the taxpayer. Commissioner v. Heininger, 320 U.S. at 471; Welch v. Helvering, 290 U.S. at 113. Ordinarily, when an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim such reimbursement, the expenses are not deductible because it is not "necessary" for an employee to remain unreimbursed for expenses to the extent he could have been reimbursed. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 6 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972). The taxpayer bears the burden of proving that the taxpayer was not entitled to reimbursement from the employer for such expenses. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973).

Petitioners reported vehicle expenses for Mr. Todisco's use of his personal vehicle during his period of employment with GIC, and these vehicle expenses were calculated using the standard mileage rate. However, respondent argues that a deduction for the vehicle expenses was properly disallowed because the vehicle expenses were not ordinary and necessary, Mr. Todisco failed to establish that he was not entitled to reimbursement, and petitioners failed to adequately substantiate the expenses. We agree with respondent.

Mr. Todisco has not established that the vehicle expenses reported for the 2010 taxable year were necessary expenses. Mr. Todisco had a company vehicle available for his use during his employment with GIC but chose to use his personal vehicle for work because it was more comfortable and allowed for modifications. If Mr. Todisco had used the company vehicle made available to him, rather than his personal vehicle, he would not have incurred the vehicle expenses. Accordingly, the vehicle expenses were not necessary because Mr. Todisco incurred the expenses on account of his personal choice, and not for reasons related to his employment. See sec. 262(a); Commissioner v. Flowers, 326 U.S. at 474 ("The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors.").

Mr. Todisco also failed to establish that he was not entitled to reimbursement from his employer. He did not introduce a reimbursement policy showing what expenses were reimbursable by his employer. He testified that he received $300 of subsistence per week for travel-related expenses and was reimbursed for any fuel related to the business use of his personal vehicle during 2010. Mr. Todisco failed to supplement his oral testimony with any documentary evidence that he properly accounted for any reimbursements or that he claimed all reimbursement that he was entitled to from his employer. Accordingly, we find that petitioners have failed to establish that Mr. Todisco was not entitled to reimbursement from his employer.

Assuming arguendo that Mr. Todisco's vehicle expenses were necessary and he was not entitled to reimbursement from his employer, he nevertheless failed to satisfy the strict substantiation requirements under section 274(d) with respect to the reported vehicle expenses. Mr. Todisco testified that he maintained a mileage log to keep track of his mileage. However, he failed to produce the mileage log or any other contemporaneous records to substantiate the mileage he reported for 2010. The only records Mr. Todisco provided to substantiate his vehicle expenses were an undated purchase receipt for his 2009 Chevy truck, with an initial odometer reading of 162 miles, and a trade-in statement for his 2009 Chevy truck,

with the odometer reading 47,679 miles as of August 13, 2011. These documents are insufficient to corroborate his testimony at trial with respect to the amount, time, place, and business purpose of each separate expense related to the business use of his personal vehicle.

Accordingly, we sustain respondent's determination to disallow any deduction for the vehicle expenses for the 2010 taxable year.

III.    Relief From Joint and Several Liability

In general, married taxpayers may elect to file joint Federal income tax returns. Sec. 6013(a). Section 6013(d)(3) provides that if a joint return is filed each spouse is jointly and severally liable for the entire tax due for that taxable year. A requesting spouse may be relieved from joint and several liability under section 6015, however, if certain conditions are met.

Section 6015 provides three potential avenues for relief under subsections (b), (c), and (f): (1) a requesting spouse who satisfies the conditions of section 6015(b) may be relieved of liability from an understatement of tax attributable to the other spouse; (2) a requesting spouse who satisfies the conditions of section 6015(c) may have his or her liability for a deficiency limited to the portion of the deficiency allocated to him or her under section 6015(d); and (3) a requesting spouse who satisfies the conditions of 6015(f) may be granted relief from any

unpaid tax or any deficiency if relief is not available under section 6015(b) or (c) and it would be inequitable to hold the requesting spouse liable. The Court may determine whether petitioner is eligible for relief under section 6015(b), (c), or (f) for the years at issue.

Ms. Gonzales claims that she is entitled to relief from joint and several liability on their joint returns for the years at issue under all three subsections. At trial respondent agreed that Ms. Gonzales is entitled to relief for both years at issue under section 6015(b), (c), or (f); however; Mr. Todisco opposes relief.

Generally, the spouse requesting relief bears the burden of proof. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004). However, to the extent that the Commissioner is no longer an adverse party to the taxpayer and the intervenor opposes relief, the burden of proof would presumably shift to the intervenor. See Stergios v. Commissioner, T.C. Memo. 2009-15, 2009 WL 151485, at *4 (citing King v. Commissioner, 115 T.C. 118 (2000), and Corson v. Commissioner, 114 T.C. 354, 363 (2000)). We need not decide whether the burden of proof shifts in the instant cases because we decide the issues by a preponderance of the evidence. See id.; see also Porter v. Commissioner, 132 T.C. 203, 210 (2009). Both the scope and standard of our

review in cases requesting equitable relief from joint and several income tax liability are de novo. Porter v. Commissioner, 132 T.C. 203.

As discussed below, we will grant Ms. Gonzales full relief under section 6015(b). Accordingly, we do not address whether she is also entitled to relief under subsections (c) and (f).

A. Section 6015(b) Relief

Section 6015(b)(1) provides that a requesting spouse shall be relieved of joint and several liability for a particular year if each of the following requirements is met: (A) a joint return was filed for the year at issue; (B) the return contains an understatement attributable to an erroneous item of the nonrequesting spouse; (C) the requesting spouse establishes that in signing the return he or she did not know and had no reason to know of the understatement; (D) taking into account all facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency in tax attributable to the understatement; and (E) the requesting spouse's claim for relief is timely. Failure to meet one of these requirements precludes relief under section 6015(b). Alt v. Commissioner, 119 T.C. at 313. Mr. Todisco opposes relief on the ground that Ms. Gonzales had knowledge and had reason to know of the understatements of tax at the time she signed the returns.

It is undisputed and we conclude that Ms. Gonzales satisfies the requirements under section 6015(b)(1)(A), (B), and (E).  Ms. Gonzales and Mr. Todisco filed joint returns for the years at issue.  The joint returns for the years at issue contained an understatement of tax attributable to erroneous Schedule A deductions for unreimbursed employee business expenses and for tax preparation fees.  The erroneous items were related to Mr. Todisco's employment during 2010 and 2015, and the tax preparation fees were solely attributable to him.  Mr. Todisco alone hired and provided information to the C.P.A. for their joint return for 2010.  Ms. Gonzales met with the C.P.A to sign the return only under duress and was not involved in the preparation of their joint return for 2010.  Ms. Gonzales' requests for relief from joint and several liability were timely because the requests were raised as an affirmative defense to respondent's determined deficiencies for the years at issue and were made before respondent began collection activities.

Accordingly, we next address whether Ms. Gonzales had knowledge or reason to know of the understatements under section 6015(b)(1)(C) and whether it is inequitable to hold Ms. Gonzales liable for the deficiencies in tax attributable to the understatements under section 6015(b)(1)(D).

B.      Section 6015(b)(1)(C)

Under section 6015(b)(1)(C), the requesting spouse must establish that in signing the return he or she did not know and did not have reason to know the return contained an understatement.  A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonable person in similar circumstances would have known of the understatement.  Hopkins v. Commissioner, 121 T.C. 73, 77 (2003); sec. 1.6015-2(c), Income Tax Regs.  All of the facts and circumstances are considered in determining whether a requesting spouse had reason to know of an understatement.  Sec. 1.6015-2(c), Income Tax Regs.  We conclude that Ms. Gonzales did not know and did not have reason to know of the understatements of tax when she signed the returns for 2010 and 2015.

In the case of an erroneous deduction, knowledge of the item means knowledge of the facts that made the item not allowable as a deduction or credit.  Sec. 1.6015-3(c)(2)(i)(B)(1), Income Tax Regs.  Ms. Gonzales credibly testified at trial that she:  (1) did not know any specific details about Mr. Todisco's job-related expenses for either year at issue; (2) was not involved in the preparation of the returns; and (3) did not review the returns before signing.  Mr. Todisco argues that Ms. Gonzales had knowledge of the unreimbursed employee business expenses

because she had access to their financial information and paid credit card bills with their joint checking account. However, Mr. Todisco testified that he did not use actual bank or credit card statements to calculate his unreimbursed employee business expenses, but rather used the Federal per diem and standard mileage rate. Accordingly, Ms. Gonzales' access to or knowledge of their financial information does not support a finding that she had knowledge of the facts that made the items not allowable as a deduction. On the basis of our review of the record, we are satisfied that Ms. Gonzales did not have actual knowledge of the understatements of tax when she signed the returns for the years at issue.

If this case was appealable, appeal would lie in the Court of Appeals for the Tenth Circuit. That Court of Appeals, however, has not spoken on which reason to know standard it applies. See Jonson v. Commissioner, 118 T.C. 106, 115-116 (2002), aff'd, 353 F.3d 1181 (10th Cir. 2003). Accordingly, we will apply the standard of whether "a reasonably prudent taxpayer under the circumstances of the spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation was warranted." Bokum v. Commissioner, 94 T.C. 126, 148 (1990) (quoting Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), aff'g T.C. Memo. 1988-63), aff'd, 992 F.2d 1132 (11th Cir. 1993). In establishing that she had no reason to know, the taxpayer

must show that she was unaware of the circumstances that gave rise to the error and was not merely unaware of the tax consequences. Id. at 145-146; Purcell v. Commissioner, 86 T.C. 228, 237-238 (1986), aff'd, 826 F.2d 470 (6th Cir. 1987). This standard applies to an understatement of tax resulting from underreporting income and from improperly claiming deductions. Bokum v. Commissioner, 94 T.C. at 148.

Ms. Gonzales is a high school graduate with no education in business, accounting, or finance and no experience in business. During the years at issue Ms. Gonzales was the primary caregiver for their children and was not involved in Mr. Todisco's business activities that resulted in the erroneous items. She was involved in the financial activities of the family; however, Mr. Todisco maintained financial control over the household and was evasive or deceitful with respect to the family's finances. A review of the returns would have revealed Mr. Todisco's claimed unreimbursed employee business expenses; however, Ms. Gonzales credibly testified that she did not review the returns because if she had challenged or questioned the returns, it would have resulted in a confrontation with Mr. Todisco. Moreover, a review of these items on the return would not necessarily have revealed that Mr. Todisco's expense deductions were overstated or improper. See Phemister v. Commissioner, T.C. Memo. 2009-201.

Ms. Gonzales admitted that, at the time she signed the 2015 return, she knew about the existence of the 2010 deficiency, but she credibly testified that she did not know the details causing the deficiency and was not involved in process of providing documents to respondent with respect to the deficiency. When Ms. Gonzales asked Mr. Todisco to explain the 2010 notice of deficiency, he told her that she was too stupid to understand. To the extent that Ms. Gonzales' knowledge of the 2010 deficiency triggered a duty of inquiry with respect to the 2015 return, we find that she satisfied her duty by asking Mr. Todisco to explain the 2010 deficiency. On the basis of the facts and circumstances of this case, we are satisfied that Ms. Gonzales did not have reason to know of the understatements at the time she signed the returns for 2010 and 2015.

C.    Section 6015(b)(1)(D)

Finally, under section 6015(b)(1)(D), we must determine whether, taking into account all facts and circumstances, it is inequitable to hold Ms. Gonzales liable for the deficiencies in tax attributable to the understatements. The factors we consider in determining inequity for purposes of section 6015(b)(1)(D) are the same factors that we consider in determining inequity for purposes of section 6015(f). Alt v. Commissioner, 119 T.C. at 316; Garavaglia v. Commissioner, T.C. Memo. 2011-228, aff'd, 521 F. App'x 476 (6th Cir. 2013); Crouse v.

<u>Commissioner</u>, T.C. Memo. 2011-97.  In Rev. Proc. 2013-34, sec. 4.03, 2013-43 I.R.B. 397, 400-403, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, the Commissioner provided a list of nonexclusive factors to take into account when determining whether to grant equitable relief under section 6015(f): (1) marital status; (2) economic hardship; (3) in the case of an understatement, knowledge or reason to know of the item giving rise to the understatement; (4) legal obligation; (5) significant benefit; (6) compliance with tax laws; and (7) mental or physical health.

### 1. Marital Status

On the condition that the requesting spouse is no longer married to the nonrequesting spouse as of the time of our determination, this factor will weigh in favor of granting relief.  <u>See</u> Rev. Proc. 2013-34, sec. 4.03(2)(a).  Since Ms. Gonzales is divorced from Mr. Todisco, this factor weighs in favor of relief.

### 2. Economic Hardship

Economic hardship exists if satisfaction of the tax liability, in whole or in part, will cause the requesting spouse to be unable to pay reasonable basic living expenses.  <u>Id.</u> sec. 4.03(2)(b).  If denying relief from joint and several liability will not cause the requesting spouse to suffer economic hardship, this factor will be neutral.  <u>Id.</u>

Respondent agrees that Ms. Gonzales will suffer economic hardship if relief is not granted. In the supplement to her Forms 8857, Ms. Gonzales reported that her household has two adults and six children, monthly household income of $6,603, and monthly household expenses of $7,929. She also attached to the supplement sufficient documentation to substantiate her current household income and expenses. While the record does not include information regarding the Federal Poverty Guidelines for a family of eight, we find that Ms. Gonzales has established that her monthly household expenses exceed her monthly household income. Accordingly, this factor weighs in favor of relief.

### 3. Knowledge or Reason To Know

As we concluded above, Ms. Gonzales did not know and had no reason to know of the items giving rise to the understatements for the years at issue. Accordingly, this factor weighs in favor or relief.

### 4. Compliance With Tax Laws

The parties stipulated that Ms. Gonzales filed income tax returns and does not have an outstanding balance for the 2011, 2012, 2013, 2014, 2016, 2017, and 2018 taxable years. They further stipulated that respondent has not proposed any adjustments for those tax years. Accordingly, this factor weighs in favor of relief.

5.    Legal Obligation, Significant Benefit, and Health

We conclude that the legal obligation, significant benefit, and mental or physical health factors are neutral because:  (1) both the divorce decree and the MSA are silent regarding which spouse is liable for any tax liabilities for the years at issue; (2) on the basis of the record, it does not appear that either spouse significantly benefited from the understatements of tax; and (3) although Ms. Gonzales testified that she had various health conditions, she did not present any evidence to substantiate those claims.

D.    Conclusion

In summary, the Court finds that four factors weigh in favor of granting relief, three factors are neutral, and no factors weigh in favor of denying relief. Considering all the facts and circumstances of this case, we find that it would be inequitable to hold Ms. Gonzales liable for the deficiencies in tax attributable to the understatements for the years at issue.  Accordingly, we find that Ms. Gonzales has satisfied all the requirements for relief under section 6015(b) and is entitled to full relief from joint and several liability on the joint returns for the years at issue pursuant to that section.

We have considered all other arguments of the parties and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Appropriate decisions will be

entered.